## ETHRIDGE *v.* THE STATE.

HILL, J. 1. A trial judge is the trior to pass upon alleged prejudice and bias of a juror sitting in a given case, and on conflicting evidence his discretion exercised in favor of the competency of the juror will not be interfered with, unless it is manifestly abused. It was not so abused under the facts of the present case. *Hall* v. *State*, 141 *Ga.* 7, 9 (80 S. E. 307) ; *Stiles* v. *State*, 154 *Ga.* 86 (113 S. E. 208).

2. One who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based, is a prosecutor. 6 Words & Phrases, 5379; *Murray* v. *State*, 30 *Ga. App.* 373 (118 S. E. 62) ; *Eddy* v. *State*, 10 *Ga. App.* 818 (74 S. E. 303).

(*a*) Under the foregoing definition and the facts of the present case, the trial judge, sitting as a trior of the facts, erred in not finding that the sheriff of Jones County was the prosecutor in the case, and in over-ruling the motion for new trial based on the ground that one of the jurors (Claude Watson), was disqualified as a juror in the case, by reason of the fact that he was related by blood within the ninth degree to Mrs. J. C. Middlebrooks, the wife of J. C. Middlebrooks, who was the prosecutor in movant's case; it appearing that "he procured the warrant upon which the said Atkinson Ethridge was arrested in said case, and made the affidavit on which said warrant was issued, said warrant being procured by the deponent before the finding of the coroner's jury trying said case;" that "he personally made investigation as to the said homicide, and as to the identity of the perpetrators, his efforts along this line beginning on the day of the homicide, and continuing through the trial of the said Atkinson Ethridge; that he gave testimony in the case when the indictment was returned; that he furnished to the solicitor-general and his associate counsel the names of other witnesses upon whose testimony the indictment was returned; that he actively assisted the solicitor-general in the preparation and presentation of said case upon the trial thereof;" "that he was the prosecutor in said case from its inception until the said case was submitted to the jury trying the same, and that it was conceded by the State in open court at the time the jury was being selected, both by the solicitor-general and the judge, that he was the prosecutor." It further appears that a number of other jurors were excused by the court when it was made to appear that they were related either to the sheriff or his wife within the ninth degree.

(*b*) The fact that the juror, who was accepted, sworn, and served as such in the trial of the case did not know at the time of his service that he was related to the wife of the prosecutor within the ninth degree, will not prevent a new trial. *Crawley* v. *State*, 151 *Ga.* 818 (3 *a, b*) (108 S. E. 238, 18 A. L. R. 368).

3. There was evidence tending to show a conspiracy between the plaintiff in error and his brother, Grover Ethridge, and therefore the evidence

Criminal Law, 16 C. J. p. 1043, n. 32; p. 1156, n. 53; 17 C. J. p. 203, n. 85; p. 238, n. 21, 24, 26; p. 239, n. 27; p. 240, n. 31.

Juries, 35 C. J. p. 317, n. 89, 91, 92; p. 331, n. 96.

and charge of the court which was objected to by the plaintiff in error on the ground that there was no such evidence, is without merit. *Ethridge* v. *State*, 163 *Ga.* 186 (136 S. E. 72).

4. Other grounds of the motion for new trial, not expressly dealt with in this case, were decided in the case of *Ethridge* v. *State*, supra, and the rulings there made are applicable to the facts of the present case.

5. One ground of the motion for new trial complains that the court erred in overruling a motion to declare a mistrial on account of a certain incident which occurred during the progress of the trial. As this will not likely occur on the next trial, this ground of the motion will not be dealt with.

6. As the case goes back to the trial court for another hearing, no opinion is expressed as to the sufficiency of the evidence to authorize the verdict.

*Judgment reversed. All the Justices concur.*

No. 5592. APRIL 12, 1927.

Murder. Before Judge Park. Jones superior court. July 5, 1926.

At the October term, 1925, of Jones superior court, Atkinson Ethridge and Grover Ethridge were jointly indicted for the murder of Floyd Malone and Frank Tucker, two Jones County policemen, on August 28, 1925. Grover Ethridge was first tried and was convicted, and his case brought to this court for review, where the judgment of the lower court was affirmed. *Ethridge* v. *State,* 163 *Ga.* 186 (136 S. E. 72). At the April term, 1926, of Jones superior court, Atkinson Ethridge was tried, convicted, and sentenced to imprisonment for life. A motion for new trial was overruled, and he excepted.

*W. A. McClellan, Allen & Pottle,* and *E. T. Dumas,* for plaintiff in error.

*George M. Napier, attorney-general, Joseph B. Duke, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.