STYLE *v.* THE STATE.

*W. H. Dorris* and *C. L. Harris,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, T. Hoyt Davis, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

BECK, P. J.   Willie Style was indicted for the offense of murder, and upon the trial of the case the jury returned a verdict of guilty, with a recommendation.   The only eye-witness to the actual killing was a little boy, eight years old, a brother of the deceased, who was introduced as a witness for the State.   It is contended that this child was incompetent to testify on account of his tender years, and did not understand the nature and sanctity of an oath.

■   "Although a child eight years old, on a preliminary examination had for the purpose of testing his competency as a witness, stated that he did not know what an oath was, yet where he also stated that he knew what it was 'to go up in the court-house and swear you have to tell the truth,' that the law would punish him if he told a story, and that he was bound to tell the truth when sworn, and the examination as a whole disclosed such a degree of intelligence and knowledge on the child's part as to satisfy the judge of his competency, this court will not reverse a ruling permitting the child to be examined as a witness concerning the facts in issue." *Minton* v. *State,* 99 *Ga.* 254 (25 S. E. 626).   See also *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99).   Under the rulings in these cases, the court did not err in allowing the child, after examination to test his competency, to testify in the case.

■   There is no merit in the ground of the motion for a new trial wherein it is contended that the court abused its discretion in allowing the child to testify before the jury, for the reason that the court said:  "I think he could testify.   Let the jury determine what credit, if any, they will give to this testimony."

■   The evidence authorized the verdict.

*Judgment affirmed.   All the Justices concur.*