## 22096.  JONES, alias GOOLSBY v. THE STATE.

QUILLIAN, Justice.  On February 13, 1963, Orelander Jones, alias Goolsby, was convicted of murder in Jasper Superior Court. He excepted to a judgment overruling his amended motion for new trial and brings the case here for review.  He expressly abandons the general grounds of the motion for new trial and candidly states in the brief of his counsel presented to this court:  "We respectfully maintain that the *sole question* upon which a decision will rest in this case is: *Did the examination of this child* [Willie James Brown, age twelve, a witness for the State] *show that he had knowledge of the nature of an oath."*

In these circumstances it is unnecessary to set forth a statement of the evidence to discuss its sufficiency to support the verdict. Suffice it to say that skilled counsel was correct in stating that the record discloses no reason to reverse the judgment overruling the motion for new trial, unless the sole ground to which reference is made be found meritorious.

The ground insisted upon shows the following questions were asked by the solicitor general, the answers thereto constituting the evidence regarding the competency of the witness, Willie James Brown:  "Q. Willie James, they call you Poor Boy sometimes?  A. Yes, sir.  Q. Whose boy are you?  A. Charlie Brown's.  'Q. How old are you?  A. Twelve.  Q. What grade are you in?  A. Fourth.  Q. Do you know what it means when you raise your right hand and swear to tell the truth? A. Yes, sir.  Q. Are you going to tell us the truth?  A. Yes, sir.  Q. Is it right or wrong to tell the truth?  A. Right. Q. Are you supposed to tell the truth or something not true up here today?  A. Supposed to tell the truth. Q. Do you know what it means when you swear to God?  A. Yes, sir. Q. Do you believe in God?  A. Yes, sir.  Q. And you are in the fourth grade, you say?  A. Yes, sir.  Q. Twelve years old?  A. Yes, sir.  Q. Do you understand when you get on that stand and swear to tell the truth that you will be punished if you don't tell the truth?  A. Yes, sir.  Q. You understand then what we mean by telling the whole truth and nothing but the truth, so help you God?  A. Yes, sir.  Q. What does it mean when you raise your right hand and swear to tell the truth?  A. (No answer).  Q. What do you think it means? A. I don't know.  Q. Do you know the difference in the truth

and a tale, or a story? A. Yes, sir. Q. And do you understand fully that you aren't supposed to tell us anything that is not true? A. I'm supposed to tell the truth. Q. What will happen to you if you don't tell the truth? A. I'll have to go to jail."

The grounds of objection were: "the solicitor general did not set up a proper foundation that Willie James Brown was a competent witness; Willie James Brown was not a competent witness because of his age (12) and his failure to fully explain the meaning of an oath." *Held:*

The statutory test, *Code* § 38-1607, of the competency of a child to testify as a witness in a court of justice is that he understand the nature of an oath. The rule has been frequently applied. *Moore v. State*, 79 Ga. 498 (3) (5 SE 51); *Minton v. State*, 99 Ga. 254 (1) (25 SE 626). As demonstrated by the opinions of this court the standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court. *Reece v. State*, 155 Ga. 350 (116 SE 631); *Style v. State*, 175 Ga. 95 (165 SE 7). It is not even essential to the witness's competency, although desirable, that he believe in a supreme being, *Gantz v. State*, 18 Ga. App. 154, 156 (2) (88 SE 993), or that he be aware of God's existence, *Bell v. State*, 164 Ga. 292 (138 SE 238). Such lack of faith or knowledge is merely a matter to be considered in passing upon his credibility. *Code* § 38-1602.

The trial judge did not err in holding the witness, Willie James Brown, competent on the trial of the case we now review.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 8, 1963—DECIDED SEPTEMBER 5, 1963.

*Eugene P. Baldwin, E. Roy Lambert, W. J. Tipton,* for plaintiff in error.

*George D. Lawrence, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.