## 54300. EVANS v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was indicted for murder and convicted of voluntary manslaughter. The evidence showed that her 12-year-old daughter was being verbally abused by the deceased Cooper, with whom she was living; and in the course of the ensuing argument she learned that he had committed sexual assaults on the child. She went to the hallway and procured a revolver, and, according to her testimony, when Cooper grabbed for the gun she fired the fatal shot. Her testimony was that she did this to protect herself and her daughter. The jury instruction, "She says that what she did, she did in self-defense to save her life or that of a third person and to repel a felonious assault being made upon her" was accordingly not error, especially where in a recharge the jury was instructed at length on the protective right and duty of a parent, even to the extent of killing to prevent future misconduct by the deceased on the child.

2. Charges which place any burden of persuasion on a defendant in a criminal case are to be deemed erroneous, but "usual charges on presumptions are not considered burden shifting." *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241). The charge given here was taken from and approved in *Kramer v. State,* 230 Ga. 855 (199 SE2d 805). Using a deadly weapon in a manner ordinarily employed to produce death raises a rebuttable presumption of fact that death was intended. This is not the same as charging a *criminal intent* to kill where there is a proper instruction on the defense of justification relied upon by the defendant.

3. However, it is quite possible, as contended by the defendant, that such a jury instruction might, if not accompanied by other explanatory language, mislead the jury so that they would not make a proper distinction in their minds between the criminal intent which the law punishes and the intent to do an act which, even though it may result in death, is justifiable under the circumstances. This mother had just heard her common law husband admit the charges of her 12-year-old child that he had committed statutory rape and incest upon her.

She testified that he had been drinking, he was abusive, and when she took the revolver from the chest he seized her arm and attempted to take it from her, and she was convinced by the "wild look in his eye" that he intended to shoot her and the child. At this point, with the respective legal rights of the various parties in such delicate balance, it is of prime importance that the jury understand exactly where the burden of persuasion lies. This jury and the trial judge indicated the difficulty encountered by the fact that the court on his own motion recalled them at one time for a further charge on justification, and thereafter the jury came back a second time with further requests for clarification. A charge requested by the defendant, as follows, was refused: "The burden is upon the state to show that Mildred Jean Evans was not justified in shooting Johnny Cooper. Therefore, if you find that the state has not carried its burden in so showing, if there is a reasonable doubt in your mind, then it is your duty to find the defendant not guilty."

We recognize that generally the defense of justification, like the defense of insanity "has not been treated as a critical essential element of the offense which the prosecution is required to prove beyond a reasonable doubt. " *State v. Avery,* 237 Ga. 865, 866 (230 SE2d 301). We also recognize that the court here did give adequate instructions on reasonable doubt. Nevertheless, under all the facts of this case and considering the length of the sentence imposed we cannot say that the refusal to charge specifically on request that the burden was not on the defendant, but rather on the state, to show that the presumptive intent to kill, if not rebutted, was criminal in nature.

The remaining enumerations of error are without merit.

*Judgment reversed. Webb and Birdsong, JJ., concur.*

Submitted September 6, 1977 — Decided September 30, 1977 — Rehearing denied October 14, 1977—

*Gilmore, Waddell & Phillips, Thomas J. Phillips,*

*Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Reginald Bellury, Assistant District Attorney,* for appellee.