## 57943. ALLEN v. THE STATE.

BIRDSONG, Judge.

Chesley Allen was convicted of first degree arson and sentenced to serve 20 years. He brings this appeal enumerating eight asserted errors. *Held:*

1. The first six enumerations contend that the evidence was insufficient to prove some of the material allegations of the indictment and that the trial court erred in denying Allen's motion for a new trial. In essence, appellant concedes that the evidence shows an unlawful burning of an inhabited dwelling house but contends that the evidence does not show that the house was the dwelling of the named occupant or that the burning was without the consent of the owner.

The facts show that Mr. and Mrs. Freeman bought the home 27 or 28 years before and had resided in the

house for all that time except for a period of about four years, during which time they lived in a trailer located in the yard but removed some number of yards from the home. At the time of the fire, both the Freemans were asleep in a bedroom of the house. There was testimony that the fire was totally unexpected and that Mrs. Freeman believed that Allen tried to kill them. The facts show that Allen had been married to the Freemans' daughter, but had divorced the daughter several years earlier. The evidence showed that Allen shortly before the fire went to a service station and filled a plastic gallon milk container with gasoline. His wife was driving a white car. The station attendant identified both Allen and his wife as being the occupants of a white car, and Allen as the person who purchased the gasoline. There was evidence that Allen was driven to a point in front of the Freeman house and let out of the car. He was carrying the container of gasoline. The car then was driven further down the road and parked. After the fire was put out, two separate fires, one at the back door and one at a window, were observed to have been started. There was a strong odor of gasoline and a plastic one-gallon milk container was found lying on the ground with a small amount of gasoline still in the container. After his arrest and incarceration, Allen stated to a fellow prisoner that he had sprinkled gasoline at the back door and at a back window and started the fire. Neither of the Freemans were injured in the fire though extensive damage was incurred to the house.

Under these facts, we find the arguments of appellant that the evidence is insufficient to show that the Freemans owned the house, that it was the residence of the Freemans or that the burning was without the consent of the Freemans to be totally without merit. The only defense offered was that of alibi. This obviously was rejected by the jury. We find the evidence more than sufficient to support the findings of guilty. *Tukes v. State*, 125 Ga. App. 831 (189 SE2d 135). It follows that the denial of the motion for new trial was proper. *Ingram v. State*, 204 Ga. 164, 184 (48 SE2d 891).

2. Appellant argues that it was error for the trial court to qualify his nine-year old son as competent to

testify. It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been manifestly abused. The evidence here shows that the witness knew the difference between truth and falsehood and the necessity to tell the truth. We find no abuse of discretion. This enumeration is without merit. *Gordon v. State,* 186 Ga. 615 (198 SE 678); *Turpin v. State,* 121 Ga. App. 294 (173 SE2d 455).

3. In a supplemental brief, appellant argues for the first time that it was error for the prosecuting attorney to argue case law to the jury. No objection was made at trial or in the motion for new trial as to this occurrence. A supplemental enumeration of error and brief filed after the 20-day period allowed for filing of enumerations of error and briefs in support thereof cannot be used to raise new issues even though the original filing was within the 20-day period. *Johnson v. Heifler,* 141 Ga. App. 460, 463 (233 SE2d 853). In the absence of objection below, nothing is presented to this court for review. *Pulliam v. State,* 236 Ga. 460, 463 (224 SE2d 8); *Moore v. State,* 138 Ga. App. 902 (2) (227 SE2d 809).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JUNE 11, 1979 — DECIDED JULY 6, 1979.

*F. Marion Cummings,* for appellant.

*W. A. Foster, III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.