## 61155. JACKSON v. THE STATE.

CARLEY, Judge.

Appellant was indicted as a recidivist and charged with one count of theft by taking, motor vehicle. He was convicted and appeals from the judgment entered on the verdict of guilty.

1. In his first enumeration of error appellant contends that the trial court erred by giving the following charge: "In this connection I charge you that if you find that [appellant's] defense of acting under a claim of right has been raised by the evidence in this case, then the burden of proof rests upon the State to disprove that defense to the extent required by law." Appellant argues that the jury *should* have been instructed that the prosecution had to disprove appellant's "claim of right" defense *beyond a reasonable doubt,* and that the failure of the trial court to so charge the jury constituted reversible error. We find no reversible error.

Assuming that appellant is correct in his contention that under *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976) the burden rested on the state in this case to disprove the affirmative defense of "claim of right" beyond a reasonable doubt, compare *Marshall v. State,* 143 Ga. App. 249, 252 (237 SE2d 709) (1977) with *Evans v. State,* 143 Ga. App. 530, 531 (239 SE2d 171) (1977), we cannot agree that the trial court's use of the phrase "to the extent required by law" was harmful error. The jury was repeatedly instructed throughout the trial court's charge that the state had to prove each and every element of its case against appellant beyond a reasonable doubt. As a result, we find that the charge, taken as a whole, was not confusing or misleading on the

issue of the state's burden of proof in this case. Accordingly, appellant's first enumeration is meritless.

2. Appellant next asserts that "[t]he evidence is insufficient as a matter of law to support conviction for the crime of theft by taking, motor vehicle and the conviction must be reversed." We disagree. The record contains abundant evidence upon which a rational trior of fact could find appellant guilty beyond a reasonable doubt of each and every element of the crime of theft by taking. See *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 19, 1981.

*J. H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.