## 61934. BALLWEG v. THE STATE.

QUILLIAN, Chief Judge.
Defendant appeals his conviction for child molestation. *Held:*
1. Defendant was indicted for and convicted of an immoral and indecent act to and in the presence of a nine-year-old female by exposing himself and rubbing his clothed genitals against the child's clothed genitals with intent to satisfy his sexual desires.

Prior to trial defendant made several motions in limine to prevent the prosecution from making any references to or offering any evidence of obscene telephone calls defendant made to the victim after the commission of the offense charged. The trial court in effect denied the motions in limine by refusing to rule on them because defendant could not convince the court that he had the right to make such motions.

During trial and over defendant's objections, the trial court admitted testimonial evidence of defendant's obscene telephone calls to the victim, admitted a tape recording of one of the conversations and his confession thereto, and permitted the recording to be played for the jury.

In five enumerations the defendant claims error because of the denial of the motions in limine and the admission of the evidence of the obscene calls over his objections.

2. Defendant's first contention is that the admission of the evidence of the other crime of making obscene calls improperly placed his character in issue.

Generally the state cannot present evidence of other offenses committed by a defendant as it tends to place his character in issue. However, such evidence of other crimes may be admitted if there is sufficient similarity or connection between the other crimes and the crime charged that proof of the former tends to prove the latter. Such evidence is admissible for the limited purpose of showing identity,

motive, plan, scheme, bent of mind and course of conduct. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321).

In child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. *Felts v. State,* 154 Ga. App. 571 (2) (269 SE2d 73); *Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513).

In this case the only direct evidence of defendant's guilt was the testimony of the youthful victim. We find no error in the admission of defendant's later telephone calls to the victim to corroborate the testimony of the victim as to the offense being tried and to show defendant's intent to satisfy his sexual desires.

3. Defendant also contends that the tape recording of one of his telephone conversations was not admissible because it was not obtained by the use of a warrant as required by Code Ann. §§ 26-3001 et seq. (Ga. L. 1968, pp. 1249, 1327 through 1976, p. 1100) which prohibits the invasion of the privacy of conversations by third parties.

The evidence shows that the victim received some calls from defendant, told her mother about them who in turn informed police. The police attached a tape recorder to the victim's telephone, instructed her how to operate it and the victim recorded the conversation complained of. Since the conversation was recorded by a party to the conversation, which conversation was in itself a crime, there was no requirement for a warrant and no violation of Code Ann. § 26-3001, supra. *Mitchell v. State,* 239 Ga. 3 (1) (235 SE2d 509); *Brooks v. State,* 141 Ga. App. 725 (8b) (234 SE2d 541).

4. The sixth enumeration alleges error because the trial court did not grant a continuance because of trial defense counsel's personal difficulties immediately prior to trial (his house burned down) thus depriving defendant of effective representation. The continuance was requested from a trial date of June 18, 1980. Since the trial was not held until September 24, 1980, the continuance was apparently granted, and there is no merit in this allegation.

5. The seventh enumeration is not meritorious.

6. The trial court did not err in failing to give defendant's request to charge 13 concerning the presumption of innocence and reasonable doubt. The subject matter of the request was adequately covered in the charge as given. *Howard v. State,* 151 Ga. App. 759 (261 SE2d 483).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 19, 1981.

*B. Keith Rollins,* for appellant.

*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.