## 63907. SULLIVAN v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for child molestation. *Held:*

1. Error is asserted because the trial court ruled that the seven-year-old female victim was competent to testify.

Defendant's first trial resulted in a mistrial because the jury was unable to agree. At that trial the victim was examined extensively by

the district attorney, defense counsel, and the court, before the court ruled her competent to testify. The second trial began two weeks later before a different judge. When the victim was called as a witness the trial judge stated that he had read the transcript of her competency examination in the previous trial and noted that she had been questioned at some length before being allowed to testify. The judge then said that he would question the witness himself so that he could observe her and determine whether she understood the nature of an oath and the obligation to tell the truth. The examination was as follows: "Q. . . . I think you have been in Court before, haven't you? A. Yes. Q. And it's been explained to you and you've been asked some questions about whether you understand how important it is that you tell the truth, is that right? A. Yes. Q. Do you understand that? A. Yes. Q. All right, now, do you know what it means — has the District Attorney here talked with you about what it means to take an oath? A. Yes. Q. And what do you understand that to mean? A. (no response from witness) Q. When you take an oath, it means that you're going to promise before God that you will tell the truth, that you will tell the whole truth, that you won't tell any stories, that you won't fib at all; but you must tell us the whole truth, that you promise God you will. Do you understand that? A. Yes. Q. Will you do that? A. Yes. The Court: All right, I'm going to let her take an oath . . . let her testify, considering the previous transcript that I've read and the way she looks. She's answered my questions and I think she understands."

Defendant argues that the trial court's competency ruling was specifically based on the examination of the witness by a different judge, which is contrary to the rule of *Young v. State,* 122 Ga. 725 (1) (50 SE 996). In that case it was held that in determining a child's competency a court cannot rely on the fact that the child testified in an earlier trial. The *Young* case is factually distinguishable as the trial judge there refused to examine the child witness as to competency as required by statute, nor allow counsel to do so, and declared the witness competent to testify solely because she had testified in a previous trial of the case. As indicated above, the trial judge in the instant case, although he had reviewed the witness' competency examination in a prior trial, did conduct his own examination of the witness before allowing her to testify.

We do not agree with defendant's remaining argument that the examination conducted by the trial court did not show that the witness understood the importance of telling the truth.

"It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will

not interfere, where it does not appear that such discretion has been manifestly abused. The evidence here shows that the witness knew the difference between truth and falsehood and the necessity to tell the truth. We find no abuse of discretion. This enumeration is without merit. [Cit.]" *Allen v. State,* 150 Ga. App. 605 (2), 607 (258 SE2d 285).

2. Defendant's remaining contention that his character was improperly put in issue by evidence of another incident of his sexually molesting an eleven-year-old girl within the year preceding trial is also without merit.

"In child molestation cases evidence of similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. *Felts v. State,* 154 Ga. App. 571 (2) (269 SE2d 73); *Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513)." *Ballweg v. State,* 158 Ga. App. 576 (2), 577 (281 SE2d 319).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MAY 7, 1982.

*M. Gene Gouge, Robert A. Whitlow,* for appellant.

*Stephen Williams, District Attorney, J. O. Partain III, Elida B. Steele, Assistant District Attorneys,* for appellee.