## 65010. WESLEY v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of voluntary manslaughter. He appeals (1) on the general grounds, and also contends the trial court erred (2) by refusing to allow appellant to make a tender of evidence as to the victim's violent acts against persons other than appellant; (3) by failing to sustain a challenge of a juror for cause; (4) by excluding testimony by appellant as to statements made by the victim to appellant; and (5) by charging the jury on the offense of voluntary manslaughter.

Appellant and Martha Mitchell, the victim, lived together in a trailer in Laurens County, Georgia. On May 19, 1980 appellant was installing a television antenna on the trailer when Mitchell came outside and attacked appellant with a butcher knife. He started running away but caught his foot under a wooden walk and fell. Mitchell continued to strike at appellant with the butcher knife and when he could not catch Mitchell's wrist, appellant struck Mitchell

with the bottom end of a TV antenna pole, rendering her unconscious. Appellant left Mitchell lying on the ground for an hour and one-half or two hours; on discovering she was dead he put her in his car and disposed of her body in a wooded area. Appellant made two statements to law enforcement officials admitting these facts.

At the time of Mitchell's attack on appellant she was highly intoxicated. Appellant testified that he was afraid of Mitchell and only struck her in self-defense when he could no longer protect himself from Mitchell's attack.

1. The only real issue raised by the evidence in this case was whether appellant was acting in self-defense at the time of the killing, and the jury, after proper instructions, resolved this issue against appellant. The weight of the evidence and credibility of witnesses are questions for the triers of fact. *Mosley v. State,* 157 Ga. App. 578 (1) (278 SE2d 154) (1981). This court passes on the sufficiency of the evidence, not its weight, id., and we find the evidence more than sufficient to support the verdict. We hold that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court would not allow appellant to tender evidence as to specific acts of violence by the victim against third persons. It is a better practice to allow a tender of evidence outside the presence of the jury, as otherwise, the record may be barren on an important issue. Nevertheless, there was no error here since the topic of the tender of evidence was clear and the trial court knew the evidence was not admissible. Under such circumstances, there was no need for a tender of evidence and it was not necessary to make a tender of evidence outside the presence of the jury to preserve appellant's objection. *Sawyer v. State,* 161 Ga. App. 479, 482 (288 SE2d 108) (1982).

The trial court also excluded evidence of specific acts of violence by the victim against third persons, and that ruling was correct. *Music v. State,* 244 Ga. 832 (1) (262 SE2d 128) (1979). However, the trial court properly allowed appellant to present evidence as to specific acts of violence by the victim against appellant to show the reasonableness of appellant's apprehension of danger at the time of the homicide. *Milton v. State,* 245 Ga. 20, 24 (262 SE2d 789) (1980). Hence, appellant's second and fourth enumerations of error are without merit.

3. On voir dire examination Bonnie Moorman, a prospective juror, was challenged for cause by appellant on the ground of bias because her husband, a GBI agent, was sitting at the prosecution table, allegedly for the sole purpose of indicating to Mrs. Moorman

and other jurors that he supported the prosecution. The challenge was denied and appellant then exercised one of his peremptory challenges against Bonnie Moorman. He contends the denial of his challenge for cause was error.

The prosecuting attorney stated that Mr. Moorman was present for the sole purpose of assisting the prosecutor in jury selection; that Mr. Moorman had nothing to do with the case; and that as soon as jury selection was completed Mr. Moorman would leave the court room. Mrs. Moorman stated she did not know why her husband was present; that she knew nothing about the case; that she was impartial; and that her husband's presence had no influence on her at all. "It has been held that the fact that a juror is closely related to one acting as a partisan for the state in a criminal prosecution, even where such one actively assists in the prosecution by assisting in striking the jury, prompting questions, and suggesting witnesses, affords no ground of challenging such juror for cause." *Durham v. State,* 129 Ga. App. 5, 6 (3) (198 SE2d 387) (1973). See also *Taylor v. State,* 243 Ga. 222, 233 (2) (253 SE2d 191) (1979), where a juror's son was a witness for the state. Thus, the enumeration is without merit.

4. Appellant contends it was error to charge the jury on the lesser offense of voluntary manslaughter. "[I]n the trial of a murder case, if there be an evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury." *Swett v. State,* 242 Ga. 228 (1) (248 SE2d 629) (1978). The evidence that the deceased tore down a TV antenna appellant was erecting, was extremely angry and was striking at appellant with a butcher knife was sufficient to raise the issue that the killing may have been done in the heat of sudden passion from serious provocation, the essential elements of voluntary manslaughter. OCGA § 16-5-2 (Code Ann. § 26-1102). Accordingly, this enumeration of error is without merit. *Swett,* supra.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 2, 1983 —
REHEARING DENIED MARCH 28, 1983 — ▮▮▮▮▮▮▮▮▮▮

*Johnny W. Warren, Billy R. Kight, William Washington Larsen, Jr.,* for appellant.

*Beverly B. Hayes, District Attorney,* for appellee.

DEEN, Presiding Judge, concurring.

In his motion for rehearing, appellant for the first time relies upon Holloway v. McElroy, 632 F2d 605 (5th Cir. 1980), which began

its appellate history with this court. See *Holloway v. State,* 137 Ga. App. 124 (222 SE2d 898) (1975). In *Holloway,* the dissent was bottomed on the grounds that the evidence was insufficient to support a conviction for voluntary manslaughter, and following habeas proceedings both the federal district court and circuit court of appeals agreed with this position. Appellant here argues that the factual pattern of his case is strikingly similar to that in *Holloway,* and urges that the evidence in his case likewise must be found insufficient to support his conviction for voluntary manslaughter. From study of both it appears, however, that the two cases are not so strikingly similar, and the majority opinion holding that the evidence was sufficient to support the conviction is correct.

On May 17, 1980, in the course of an altercation, appellant struck the victim more than once with a piece of pipe, which resulted in the victim's death. These fatal blows had been delivered to the rear of her skull. He subsequently disposed of her body in a dense wooded area of a neighboring county and destroyed some of her clothing. The body was discovered on May 19, 1980. On May 20, 1980, appellant contacted the sheriff's department to report that the victim had been missing since May 17, 1980. On May 22, 1980, he admitted killing the victim.

In *Holloway,* the objectionable deficiency in the evidence consisted of the use of certain inconsistencies in the defendant's account of the incident to infer that the killing had not been in self-defense. The instant case, however, does not hinge upon any inferences drawn from contradictions in the appellant's account of the incident, but rather a much stronger set of circumstances from which the jury could find or infer all of the elements of voluntary manslaughter beyond a reasonable doubt. I concur fully with the majority.