## 66267. BROWN v. THE STATE.

BIRDSONG, Judge.

Appellant Johnny Lee Brown, Jr. was convicted of child molestation. He enumerates two alleged errors below. *Held:*

1. The trial court did not abuse its discretion in permitting the seven-year-old victim to testify as competent and able to understand the nature of an oath according to OCGA § 24-9-5 (Code Ann. § 38-1607). The child demonstrated her understanding of the difference between a lie and the truth, and further that if she promised "not to tell a story" this would mean she would have to tell the truth. *Jones v. State,* 219 Ga. 245 (132 SE2d 648); *Johnson v. State,* 134 Ga. App. 209 (1) (214 SE2d 4).

2. Admission into evidence of the fact that the victim was first taken to the hospital because of symptoms which were later diagnosed as those of gonorrhea was not improper and did not create a prejudicial implication that appellant gave the disease to the victim. The evidence was used to explain how the mother first became aware of possible child molestation, a proper subject of inquiry. It was also relevant evidence that the child had in fact been molested, and was not irrelevant as in *Wilson v. State,* 9 Ga. App. 274

(3) (70 SE 1128). The state did not produce evidence that appellant had gonorrhea, and on direct examination appellant denied ever having been tested for gonorrhea. Any inference that the victim contracted gonorrhea from the appellant was therefore remote and not so decidedly prejudicial as to outweigh its probative value and improperly affect the verdict. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 30, 1983.

*J. Douglas Willix, John T. Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.