### 66181. McKEE v. THE STATE.

SHULMAN, Chief Judge.

In this appeal from his conviction for sodomy, appellant contends that the trial court erred in refusing to disqualify a prospective juror and in ruling that the youthful victim was competent to testify.

1. One of the prospective jurors examined on voir dire was the wife of the detective who transcribed appellant's statement during his interrogation at the sheriff's office and swore to the affidavit which supported the warrant for appellant's arrest. When the trial judge refused to disqualify the juror, appellant used one of his peremptory strikes to remove her from the jury. All of appellant's strikes were used before a jury was finally selected. Since it is clear that requiring a criminal defendant to use one of his peremptory challenges to excuse a juror who should have been excused for cause is harmful error (*Bradham v. State,* 243 Ga. 638 (256 SE2d 331)), this issue turns on a determination of whether the trial court should have disqualified the juror.

"The state or the accused may make any of the following objections to the juror: . . . (4) That he is so near of kin to the prosecutor, the accused, or the victim as to disqualify him by law from serving on the jury." OCGA § 15-12-163 (b) (Code Ann. § 59-804). "A prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based. [Cit.]" *Eady v. State,* 10 Ga. App. 818 (1) (74 SE 303).

.It follows from the authorities quoted above that the wife of the detective who interrogated appellant and swore out a warrant for appellant's arrest should have been disqualified. The state argues, however, that the Supreme Court's ruling in *Spence v. State,* 238 Ga.

399 (233 SE2d 363), requires that other factors, such as the detective's lack of participation in the trial of the case and the absence of the detective's name from the space on the presentment marked "Prosecutor," be given precedence in the decision as to whether the detective was the prosecutor. We do not read *Spence* so broadly. The Supreme Court did not abrogate the rule set forth above; it merely distinguished on their facts cases applying the rule. Conspicuously absent from the facts stated in *Spence* was any mention of an affidavit in support of an arrest warrant. We are aware of no case, and the state has cited us to none, in which the person who swore out a warrant against a criminal defendant has been held not to be the prosecutor for purposes of jury selection. The present case provides support for the wisdom of the rule: one cannot but reason that a juror such as the one here involved, while entertaining the highest of motives in her deliberations, would still be somehow swayed by her knowledge of the factual situation other than from the witness box and by a natural inclination to believe her husband was correct in swearing out the warrant. The present case comes within the general rule stated in *Eady,* supra, and adopted by the Supreme Court in *Ethridge v. State,* 164 Ga. 53 (2) (137 SE 784), not within the exception made in *Spence.* The trial court's refusal to disqualify the challenged juror for cause was error.

While a defendant is not entitled to a perfect trial, he is entitled to a fair trial. *Sanford v. State,* 129 Ga. App. 337 (199 SE2d 560). See also Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (93 SC 1565, 36 LE2d 208). When a defendant is required to use one of his most precious peremptory strikes to remove a juror tainted with cause for disqualification, the foundation of fairness and protection of fundamental rights is shaken. "As early as 1879 this court held that being required to exhaust four strikes on disqualified jurors was erroneous and harmful. It was said, 'A big part of the battle is the selection of the jury, and an impartial jury is the cornerstone of the fairness of trial by jury.' *Melson v. Dickson,* 63 Ga. 682, 686 (1879). As late as 1978 this court stated, 'Thus, if a challenge is made and improperly overruled by the court, but the juror so challenged for cause does not serve because subsequently struck by the complaining party, such ruling by the court is not error *unless it appears that the party had to exhaust his peremptory challenges in order to strike that juror.' Foster v. State,* 240 Ga. 858, 859 (242 SE2d 600) (1978). In our opinion it is well established in Georgia that peremptory strikes are invaluable. When a defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused

for cause the error is harmful. [Cits.]" *Bradham v. State,* supra at 639. The appellant here used his ninth peremptory strike to excuse the prospective juror and used all his strikes before a full jury was chosen. The trial court's erroneous refusal to excuse the juror requires that appellant be granted a new trial.

2. In light of our reversal of appellant's conviction, his second enumeration of error need not be addressed. The issue of the competency of the victim may be determined anew when appellant is retried.

*Judgment reversed. Quillian, P. J., Birdsong, Carley and Pope, JJ., concur. Deen, P. J., McMurray, P. J., Banke and Sognier, JJ., dissent.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983 — 

*Rodney H. Roberts, Kermit N. McManus,* for appellant.
*Stephen A. Williams, District Attorney, Marcus R. Morris, Steven Harrison, Assistant District Attorneys,* for appellee.

McMURRAY, Presiding Judge, dissenting.

The only issue considered by the majority opinion is whether the trial court erred in refusing to disqualify a prospective juror. The majority reverses. I disagree and respectfully dissent.

The record shows that prospective juror Marcia Nix was the wife of Detective Claude Nix who had transcribed defendant's statement during his interrogation at the sheriff's office and later swore out the warrant for defendant's arrest. Defense counsel moved that she "be struck for cause" on the ground that she was closely related to a state's witness, who "might even be the prosecutor." The trial court denied the motion, stating that the alleged victim was the prosecutor, not Detective Nix. Defense counsel thereafter used his ninth of twenty strikes to have Ms. Nix excused from the jury. The twenty strikes were exhausted after nine jurors were selected for the jury. See in this regard *Foster v. State,* 240 Ga. 858 (2) (242 SE2d 600). Compare *Wesley v. State,* 166 Ga. App. 28 (3) (303 SE2d 124).

OCGA § 15-12-163 (b) (formerly Code § 59-804) provides: "The state or the accused may make any of the following objections to the juror: . . . (4) That he is so near of kin to the prosecutor, the accused, or the victim as to disqualify him by law from serving on the jury." The term "prosecutor" is not defined in the Code. However, the listing of "the victim" as an alternative to "the prosecutor" in OCGA § 15-12-163 (b)(4) (Code Ann. § 59-804), supra, certainly evinces a legislative intent that the two are not equivalent.

In *Eady v. State,* 10 Ga. App. 818 (1) (74 SE 303), the court stated: "A prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based. 6 Words & Phrases Judicially Defined, 5739." This definition was adopted by the Supreme Court in *Ethridge v. State,* 164 Ga. 53 (2) (137 SE 784). Because Detective Nix was the affiant of the affidavit upon which the warrant for defendant's arrest was issued, it can be argued that the cases of *Eady v. State,* supra, and *Ethridge v. State,* supra, mandate the conclusion that he was a prosecutor in the case sub judice.

In the case of *Spence v. State,* 238 Ga. 399 (233 SE2d 363), however, the Supreme Court implicitly retreated from the seemingly conclusive definition of "prosecutor" in *Eady v. State,* supra, and *Ethridge v. State,* supra. In *Spence v. State,* 238 Ga. 399, supra at 400, the court identified that definition as "[t]he general rule." (See also *Haynie v. State,* 141 Ga. App. 688, 693, n. 1 (234 SE2d 406), revd. on other grounds, 240 Ga. 866 (242 SE2d 713).) The court in *Spence v. State,* supra, then reviewed the material cases on this point and evaluated all the factors bearing on the police officer's involvement in the case (as was done in *Ethridge v. State,* supra). *Spence v. State,* supra, stands for the rule that the issue of whether an individual is a "prosecutor" is to be determined upon a consideration of all the circumstances of the individual's involvement in the case, with whether or not he swore out the arrest warrant being a material factor in the consideration. *Spence v. State,* 238 Ga. 399, 400, 401, supra. See also *Haynie v. State,* 141 Ga. App. 688, supra, at p. 696 (Deen, P. J., dissenting).

In the case sub judice, Detective Nix's involvement in the case appears to have been limited to transcribing defendant's statement and swearing out the warrant. He was not identified as the prosecutor by the state. He was not called as a witness for the state at trial, nor did he assist the district attorney in the presentation of the state's case. We find that "[t]he instant facts are not comparable to those of *Ethridge,*" (*Spence v. State,* 238 Ga. 399, supra at 401) nor are they comparable to those of *Spence v. State,* supra. I would hold that Detective Nix was not the prosecutor and therefore the trial court did not err in refusing to disqualify the detective's wife.

The second issue presented (not considered by the majority) is whether the trial court erred in declaring the victim, who was four and one-half years old at the time of trial, competent to testify over the objection of defense counsel. The trial court carefully examined the victim to determine his competency. In *Smith v. State,* 247 Ga. 511 (277 SE2d 53), the Supreme Court held: "The test for determining

the competency of a child to testify as a witness is enunciated in *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648) (1963): 'The statutory test, Code § 38-1607, of the competency of a child to testify as a witness in a court of justice is that he understand the nature of an oath. The rule has been frequently applied. *Moore v. State,* 79 Ga. 498 (3) (5 SE 51); *Minton v. State,* 99 Ga. 254 (1) (25 SE 626). As demonstrated by the opinions of this court, the standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court. *Reece v. State,* 155 Ga. 350 (116 SE 631); *Style v. State,* 175 Ga. 95 (165 SE 7). It is not even essential to the witness's competency, although desirable, that he believe in a supreme being, *Gantz v. State,* 18 Ga. App. 154, 156 (2) (88 SE 993), or that he be aware of God's existence, *Bell v. State,* 164 Ga. 292 (138 SE 238). Such lack of faith or knowledge is merely a matter to be considered in passing upon his credibility. Code § 38-1602.' "

In the case sub judice, this test was met. I would find no abuse of the trial court's sound discretion in declaring the child of tender years competent to testify as a witness, leaving the child's credibility to be determined by the jury. See *Allen v. State,* 150 Ga. App. 605, 607 (2) (258 SE2d 285). See also *Sullivan v. State,* 162 Ga. App. 297 (1) (291 SE2d 127); *Hayes v. State,* 152 Ga. App. 858 (2) (264 SE2d 307).

Accordingly, my examination of the case is such that I would affirm the judgment of conviction as in my view the trial court did not commit any reversible error.

I am authorized to state that Presiding Judge Deen joins in this dissent.