## 67148. WILLS v. THE STATE.

Birdsong, Judge.

Frank Wills was convicted of theft by taking (shoplifting) and sentenced to serve twelve months. He brings this appeal enumerating five asserted errors.

The operative facts of this appeal indicate that Wills entered a retail establishment in Augusta with his teenage son. Wills went to the shoe department and made inquiry about a certain style tennis shoe and its price. Subsequently, Wills and his son began to exit the store, passing by the cash register without making payment for any purchases. A security employee was standing near the register talking with another employee. It was her responsibility to check all packages not originating in the store in question. Wills passed by the register and moved to within a few feet of the exit doors when the security employee called him back to the checkout counter stating that she had to check all packages. Though the testimony is disputed, the jury was warranted in believing that the employee looked into a "tote" bag being carried by Wills and found therein a pair of tennis shoes of the type about which Wills had made an inquiry. The shoes were the merchandise of the store and still contained intact a tag that would have been separated had a proper purchase been made. When confronted with the shoes, Wills asked how much he had to pay. Initially the store manager was going to allow Wills to pay for the shoes but upon learning of his conduct in the store, Wills was detained and subsequently arrested. *Held:*

1. During the presentation of the state's evidence, the prosecutor inquired why the store manager offered Wills the opportunity to purchase the shoes. This question was objected to by the defense as tending to bolster the testimony of a state's witness. In overruling the objection, the trial court stated to the defendant's counsel that there was no purpose in keeping the reason a secret or for

not letting it in so that the jury could weigh it in their deliberations. After further argument, the trial court sustained the objection and told the jury the question and answer were not to be considered by them and expressly charged the jury that it was not to place any credence to the question because of the comments made by the court to counsel in the discussion of the objection.

It is clear that the trial court merely explained his reasoning to counsel for the court's ruling. Remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. *Johnson v. State,* 246 Ga. 126, 128 (V) (269 SE2d 18). Moreover, the trial court sustained the objection, removed the consideration of the subject from the jury and gave an appropriate charge thereon. Under such circumstances, it is not error for the trial court to refuse to grant a mistrial. *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121). There is no merit in the first enumeration of error.

2. Likewise during its case in chief, the state asked the store manager how many cases of shoplifting he had experienced. This question was objected to on the grounds of irrelevance. As subsequent testimony from this witness demonstrated, the state offered the evidence to indicate that it was not unusual for a shoplifter to offer to pay for the merchandise after detection. Also the evidence was offered to show that the conduct of the manager after Wills' detection was identical to his conduct in other cases of shoplifting. For either of these reasons, it was not error for the question to be asked nor the answer to be given. Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. *Harris v. State,* 142 Ga. App. 37, 41 (234 SE2d 798).

3. Wills also urges error in the limitation by the trial court of the scope of his cross-examination. During the examination of the employee who searched Wills' tote bag, counsel for Wills asked her to repeat her direct testimony of the stop and search of Wills. When she had completed that statement, counsel asked her, over objection, to again repeat the story, presumably to see if her testimony would be consistent. As soon as she had repeated the testimony she was asked to tell it again. On this third occasion, the trial court sustained the objection made by the state.

Cross-examination may be curtailed if the subject matter is repetitious as to matter already developed on cross-examination. *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301). Moreover, prejudice must be shown by its exclusion. *Freeman v. State,* 230 Ga. 85 (1) (195 SE2d 416); *Hudson v. State,* 137 Ga. App. 439, 440 (224

SE2d 48). We discern no abuse of discretion in the situation nor has appellant shown any prejudice.

4. Wills had testified that he stopped at the register counter, removed the shoes from the bag and had money in his hand to pay for the shoes. He was asked whether he could really dispute the testimony of the employee who found the shoes who had stated that Wills had proceeded past the counter and was three or four feet from the exit of the store when he was called back. Appellant urges error in the question asking him to explain the other witness' testimony. Actually the transcript shows that the original question was never answered. The state rephrased the question and the answer thereto was given without objection. We will not grant a new trial for the simple asking of a question that was not answered, especially where the substance of the question is subsequently posed and answered without objection. Moreover, the question properly served to attack the veracity and credibility of appellant's testimony on this subject, an area certainly within the appropriate scope of cross-examination. We find no abuse of discretion in the action of the trial court in allowing the evidence. *Mitchell v. State,* 236 Ga. 251, 256 (223 SE2d 650); *Bailey v. State,* 138 Ga. App. 807, 808 (227 SE2d 516).

5. In his last enumeration, Wills complains the trial court erred in considering a previous conviction which is not shown in the record to have been attended by counsel. The transcript reflects that the state presented to the court a certified copy of an earlier conviction for shoplifting. The document was not offered into evidence and was not formally admitted, thus it is not a part of the record. Likewise the record reflects that appellant was shown the certified copy of the prior conviction but made no objection to the admissibility of the document on any ground, nor did appellant voice any objection to a consideration by the trial court in the sentencing process. That being so, appellant is not entitled to raise this issue for the first time on appeal and thus presents nothing in this context for this court to review. *McKisic v. State,* 238 Ga. 644 (5) (234 SE2d 908); *Copeland v. State,* 160 Ga. App. 786, 789 (12) (287 SE2d 120).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 23, 1983 —
REHEARING DENIED DECEMBER 12, 1983 — ■

*John H. Ruffin, Jr.,* for appellant.
*Gayle B. Hamrick, Solicitor,* for appellee.