68840, 68841. JORDAN v. THE STATE (two cases).
(323 SE2d 657)

Pope, Judge.
  Edward Earl Jordan was charged with child molestation in six indictments, to which he pled not guilty. In a single jury trial on all six indictments he was found guilty in two cases, and a mistrial was declared as to the other four on which the jury failed to reach a verdict. These appeals are from the two convictions.
  1. Appellant contends that the trial court committed prejudicial and reversible error in denying his motion for separate trials on the six indictments, which involved five children at different times and places. We do not agree.
  OCGA § 16-1-7 (b) and (c) require that where several crimes arising from the same conduct are known to the prosecuting officer at the time of prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single trial unless the court in the interest of justice orders that one or more of the charges be tried separately. The Supreme Court, adopting the ABA Standards, has established that multiple offenses may be tried together if they: "(a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975); *Gober v. State,* 247 Ga. 652 (1) (278 SE2d 386) (1981). Only when the offenses have been joined *solely* because they are of the same or similar character shall the accused have a right to severance of the offenses. *Dingler,* supra; *Davis v. State,* 159 Ga. App. 356 (1) (283 SE2d 286) (1981).
  The crimes of which the appellant was accused fit the criteria for joint trial. All of the victims and the appellant were neighbors in the same subdivision. The five victims were young girls ranging in age from five to twelve years old. The victims knew the appellant, and the alleged incidents all occurred in his garage while they were visiting his home. All of the girls, except for the youngest, testified that they were shown two sexually-oriented cartoon drawings by the appellant, and that he touched or caressed all of them in the breast and genital area, both inside and outside of their clothing. The first of the incidents was alleged to have occurred in early January of 1982; the remainder took place between December of 1982 and March of 1983.
  "[W]here the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and desig-

nate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice. [Cits.]" *Davis v. State*, supra at 357; *Mack v. State*, 163 Ga. App. 778 (1) (296 SE2d 115) (1982). "The decision to grant a severance rests within the sound discretion of the trial judge, who may balance the interests of the [S]tate and the accused by considering such factors as whether the same evidence would be necessary and admissible in each count, and whether the joining of counts in one trial might confuse the jury. [Cits.] It is not an abuse of that discretion in the interest of justice and economy for the judge to refuse a motion for severance of the trial of multiple charges where the crimes alleged were part of a continuous transaction or series of similar transactions conducted over a relatively short time, and from the nature of the entire transaction, it would be difficult to present to a jury evidence of one of the crimes without also referring or permitting evidence of the others. [Cit.] We find no abuse of discretion under the facts of this case and thus no merit in this enumeration of error." *Gilbert v. State*, 163 Ga. App. 688, 690 (295 SE2d 173) (1982). Accord *Jones v. State*, 168 Ga. App. 652 (1) (310 SE2d 17) (1983).

2. Appellant asserts error in the denial of his motion for mistrial based upon improper and prejudicial argument of the State as to matters not in evidence, and the failure of the trial court to issue a reprimand and instruct the jury to disregard these comments. Appellant, after denying any of the alleged incidents of molestation, introduced the testimony of some 20 character witnesses who stated that his reputation in the community where he lived and worked was good and that they would believe him under oath. In his closing argument to the jury, the State's attorney commented on the testimony of these witnesses, stating: "So, really, what they're telling you is that what they know about him may be good, and I don't doubt that — you know, if you'll recall, over the years there's been some cases that you just wouldn't hardly believe, a fellow up in Chicago that lived in the neighborhood for years, Gracy fellow, who would have ever thought that? This minister that was up in Winchester or Manchester, Tennessee, several years ago, who would have ever thought that?"

Defense counsel objected to this portion of the State's closing argument as inappropriate and outside the evidence, and moved for a mistrial, which was denied. No rebuke was sought or given. We find no ground for reversal. These comments were not an attempt to bring in facts not in evidence, but to suggest to the jury that people of outwardly impeccable character with strong moral and religious beliefs may nevertheless be sex offenders. Indeed, the prosecutor followed the remarks objected to by stating: "I submit to you, ladies and gentlemen, that you could bring a hundred witnesses in here, two hundred witnesses in here, and they could all say that a man had good

character, and they don't know what goes on in his garage, and that's what we're concerned with."

A prosecutor " 'may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard.' [Cit.] What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair. The language used in argument may be extravagant; but figurative speech is a legitimate weapon in forensic warfare if there are facts admissible in evidence upon which it may be founded. [Cits.] We find the argument of which complaint is made well within permissible bounds. The prosecutor simply argued the evidence and reasonable inferences arising therefrom and asked the jury to return a verdict of guilty. This he may do." *Stancil v. State*, 158 Ga. App. 147, 148 (279 SE2d 457) (1981). Accord *Black v. State*, 167 Ga. App. 204 (3) (305 SE2d 837) (1983); *Williams v. State*, 159 Ga. App. 772 (2) (285 SE2d 232) (1981). The discretion conferred upon the trial court by OCGA § 17-8-75 to order a mistrial will not be interfered with on appeal unless manifestly abused, and we find no such abuse here. *Welch v. State*, 251 Ga. 197 (6) (304 SE2d 391) (1983).

3. Nor do we agree that a mistrial was demanded when one of the victims started to cry during cross-examination and her mother went to the stand to comfort her in the presence of the jury. The trial court instructed the jury to disregard the emotional outburst and then voir dired each one individually as to whether in the remainder of the trial he or she could give appellant a fair hearing and not let what had happened affect his or her decision. "Measures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop a disturbance, or fails to instruct the jury to disregard it, and the demonstration will prevent the defendant from receiving a fair trial, the court must grant a new trial. [Cits.] . . . We cannot say that under these circumstances the trial court abused its discretion in denying [appellant's] motion for a mistrial." *Messer v. State*, 247 Ga. 316, 324-35 (6) (276 SE2d 15) (1981). Accord *Smith v. State*, 249 Ga. 228 (3) (290 SE2d 43) (1982); *Reed v. State*, 249 Ga. 52 (7) (287 SE2d 205) (1982); *Lingerfelt v. State*, 147 Ga. App. 371 (4) (249 SE2d 100) (1978).

4. The mother of two of the victims testified that she was their mother, stated where the family lived and what action she took when she learned that the children had been molested. Appellant complains that his right under OCGA § 24-9-64 to a thorough and sifting cross-examination of this prosecutrix was abridged when the trial court lim-

ited his questioning as to why she claimed Tennessee as her legal residence on certain automobile license applications. The trial transcript reveals, however, that defense counsel was allowed to question this witness at some length in this regard, but that the court sustained an objection by the State on the ground of immateriality and refused to admit copies of the license applications themselves.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. Clearly, the residency of the mother of one of the victims was of no consequence in determining whether any of the children had been sexually molested as alleged. "The trial court is vested with a discretion to restrict repetitious cross-examination, [cit.]. . . . Further, ' "(t)he right of a party to a thorough and sifting cross-examination as to (a witness) called against him is not infringed by confining such examination to matters that are relevant to the issues in the case." ' [Cit.] Likewise, questions which are not material to the issues in the case are properly excluded. [Cit.]." *Stone v. State*, 250 Ga. 718, 719 (300 SE2d 500) (1983). "Furthermore, cross-examination is not permitted to become repetitious as to matters already fully developed on cross-examination. [Cit.] Additionally, prejudice must be shown by the exclusion of the question asked [or the exhibit sought to be admitted, see *Harris v. State*, 156 Ga. 582 (3) (119 SE 519) (1923).] [Cit.] Such prejudice is not shown where the evidence sought is irrelevant, of dubious value, denied by the witness, or the information sought is obtained substantially from the same or other witnesses. [Cits.]" *Hudson v. State*, 137 Ga. App. 439, 440 (224 SE2d 48) (1976). We find no abuse of discretion here. Accord *Wills v. State*, 169 Ga. App. 260 (3) (312 SE2d 367) (1983); *McClure v. State*, 163 Ga. App. 236 (4) (293 SE2d 496) (1982).

5. Appellant asserts that he was deprived of a fair trial by an impartial jury and denied due process of law by the court's instructions to the jury encouraging them to reach a unanimous verdict. After they had been deliberating for four hours on the fourth day of the trial, the court called the jury into the courtroom and asked them how the voting stood. When the foreman told him that "[w]e have three ways you can vote, yes, no, or pass," the court advised them they could not "pass" and adjourned them for lunch. That afternoon the court gave the "dynamite" charge, to which objection was taken. We find no reversible error. The charge given was nearly verbatim to that approved by the Supreme Court in *Spaulding v. State*, 232 Ga. 411 (4) (207 SE2d 43) (1974). See also *Sempo v. State*, 168 Ga. App. 152 (3) (308 SE2d 433) (1983). It is clearly the law that the jury must vote either guilty or not guilty, and consequently the court likewise committed no error in advising the jury that they could not vote to "pass." OCGA § 17-9-2; *Pender v. State*, 249 Ga. 495 (2) (292 SE2d

69) (1982); *Thompson v. State*, 166 Ga. App. 850 (2) (305 SE2d 662) (1983).

6. Error is enumerated on the trial court's refusal to allow in evidence as irrelevant a sample of fiberglass insulation with which appellant worked every day. Appellant sought to introduce it for the purpose of showing that if he had touched any of the victims as they claimed after he came home from work without bathing or changing, the material would have been on their clothes or bodies. Even assuming that this material was of any probative value as a corollary to the appellant's testimony on the matter, questions of relevancy are directed to the sound discretion of the trial court. "The trial court has broad discretion as to admitting or excluding proffered evidence. [Cit.] The Georgia rule favors admission of any relevant evidence, [cit.], and relevant evidence is defined as that which 'renders the desired inference more probable than it would be without the evidence.' [Cits.] While in the instant case the [insulation material] would have been relevant to appellant's defense, the jury might equally well have drawn the desired inference from appellant's oral testimony; display of the [insulation] would have been merely cumulative. Where the proffered evidence is cumulative of other evidence from which the jury might or might not draw a certain inference, to exclude that evidence is not error. [Cit.] Moreover, even if the exclusion were deemed error, we do not find it 'highly probable,' in light of the other evidence in the case, that such error would have contributed to appellant's conviction. [Cit.]" *Wilbanks v. State*, 165 Ga. App. 876, 878-79 (303 SE2d 144) (1983). It follows that this enumeration constitutes no basis for reversal of the judgment.

7. The trial court did not err in refusing to give the appellant's requested charge on impeachment. The instructions given as to credibility and truthfulness of witnesses fully covered the right of the jury to determine whether a witness' impartiality was affected by any interest, bias or prejudice, and it was unnecessary to charge the exact language requested. "When jury instructions on these points are 'clear, pertinent, legal and impartial,' as in this case, the granting of a new trial is inappropriate. [Cits.]" *Grant v. State*, 163 Ga. App. 775 (296 SE2d 110) (1982).

8. Likewise, while it would not have been error to charge as requested on reasonable doubt in the language of OCGA § 24-4-5, it was not necessary for this Code section to be quoted verbatim. Where, as here, the charge as given was full and fair, and did not shift any burden to appellant or lower the State's burden of proof, there is no reversible error. *Clark v. State*, 144 Ga. App. 33 (5) (240 SE2d 306) (1977). See also *Jackson v. State*, 157 Ga. App. 581 (1) (278 SE2d 156) (1981).

9. Appellant contends that there was insufficient evidence to

support his conviction under the indictment charging him with sexually molesting the youngest victim. Our review of the trial transcript, however, shows that this child of tender age testified that the appellant "put his hands in [her] pants" while she was playing in his garage, and that it frightened her so that she neither told her mother until two days later nor went back there to play. This was clearly an "immoral or indecent act" as contemplated by OCGA § 16-6-4. See generally *Winter v. State*, 171 Ga. App. 511 (2) (320 SE2d 233) (1984). Moreover, "[i]n child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. [Cits.]" *Ballweg v. State*, 158 Ga. App. 576, 577 (281 SE2d 319) (1981); *Walls v. State*, 166 Ga. App. 503 (2) (304 SE2d 547) (1983); *Sullivan v. State*, 162 Ga. App. 297 (2) (291 SE2d 127) (1982). "We conclude therefore that any rational trier of fact could have found guilt of child molestation under these facts beyond a reasonable doubt. [Cit.]" *Chapman v. State*, 170 Ga. App. 779, 780 (318 SE2d 213) (1984); *Jackson v. State*, 170 Ga. App. 172 (1) (316 SE2d 816) (1984).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 15, 1984 —
REHEARING DENIED OCTOBER 31, 1984

*W. Ralph Hill, Jr.*, for appellant.
*David L. Lomenick, District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.