## DANIELS *vs.* THE STATE OF GEORGIA.

1. Under an indictment which charged the defendant with breaking and entering a certain depot building, where valuable goods were contained, with intent to steal, he could be convicted of burglary, although the evidence showed that the outer door of the depot was left open, but that inside there were numerous apartments in which postage stamps belonging to the company were deposited, and that the doors of each of these apartments were broken open and the stamps stolen and carried away by the defendant.

(*a*) No specific objection to the indictment was made on the ground that it did not allege in terms that the depot was the place of business of the company. Had it been so made, *semble* that it would not be tenable, as the nature of the offence was so plainly set forth that it could be easily understood by the jury. It is the better practice, however, to conform to the very words of the statute on which the accusation is made.

2. A plea of former conviction should be special, and involves two matters; first, matter of record, to-wit, the former indictment and conviction; and second, matter of fact, to-wit, the identity of the person convicted and of the offence for which he was formerly convicted, with that for which he is on trial. In this case, both the plea and the evidence were vague and uncertain, and the former indictment does not appear in the record.

3. Although confessions made by threats or promises are not evidence, yet if they are attended with extraneous facts which show that they are true, any such facts thus developed, and which go to prove the crime of which the defendant was suspected, will be received as testimony, as, for instance, where the party so confessing points out or tells where the stolen property is, or where he states where the deceased was buried, or gives a clue to other evidence which proves the case. But if, in consequence of the confession of the prisoner, thus improperly drawn out, the search for the property or person in question proves ineffectual, no proof of confession or search will be received; and in case of larceny, the property must be identified, by other evidence, as that which was actually stolen.

(*a*) Where certain confessions were given in evidence, without a preliminary examination to test their competency, but later in the trial it was discovered that they had been improperly obtained, there was no error in refusing to reject them unconditionally, the court carefully instructing the jury as to the circumstances, extent and purposes for which they should be treated as evidence, and that, if none of the facts which rendered them evidence existed, the jury should reject them altogether; but that where the confession pointed to a substantive fact, from which guilt could be inferred or established, the law deemed it competent proof; also cautioning them that inference was not conviction.

October 26, 1886.

Criminal Law. Burglary. Evidence. Confessions. Words and Phrases. Before Judge RICHARD H. CLARK. Fulton Superior Court. September Term, 1885.

George Daniels was indicted for burglary. It was charged that he had broken and entered the building of the

Western and Atlantic Railroad Company, where valuable goods were stored, with intent to steal, and after so breaking and entering, did steal and carry away $2.60 worth of U. S. postage stamps.

The defendant pleaded the general issue, and further, that if he was guilty of said offence, he had been convicted thereof in the city court of the city of Atlanta, on the —— day of ————, 1885, under the charge of larceny from the house.

It is unnecessary to set out the evidence in detail. The jury found the defendant guilty. He moved for a new trial on the following among other grounds:

(1) Because the verdict was contrary to law and evidence.

(2) Because the court erred in stating, in the presence of the jury, whilst overruling the motion of defendant's counsel to exclude the confessions of defendant, that "the confessions, too, where you establish the *corpus delicti*, that is, prove that a crime has been committed, then any confession of the crime, the defendant can be convicted on his confessions. But one cannot be convicted on his confessions alone, if the confessions are illegally obtained. But there are facts that come in as testimony that are consistent with that confession; then the jury may judge of whether the confession is true or not. They have introduced some facts in connection with the confession; therefore the confession will remain in, to be judged of by the jury."

(3) Because the court erred in charging the jury as follows: "Going further, gentlemen, and charging you upon the evidence in this case, if you believe from the evidence that defendant did commit a larceny about the same time in the same property of the W. & A. R. R. Co., and that he has been convicted of that, and that the subject of the larceny is the same as the subject of this burglary, I mean the kind of property; and then, if you believe from the evidence also that he was selling property of the same

sort of these other two properties ;—I say, if these facts are in evidence before you, and they raise in your minds the inference of guilt, then you may, if you choose, apply his confession of them to this case; and if you believe this burglary was done, and if you believe that beyond a reasonable doubt, you may conclude that he committed this offence, as well as having committed the other offences." [See the statement of facts in the third division of the decision in reference to this ground.]

The motion was overruled, and the defendant excepted.

F. R. Walker, for plaintiff in error.

C. D. Hill, solicitor-general; James Mayson; W. P. Hill, for the State.

Hall, Justice.

1. The indictment charges the defendant with breaking and entering the depot building of the Western and Atlantic Railroad Company, where valuable goods were contained, with intent to steal, etc. The proof showed that the outer door was left open, but that after getting into the building, which had numerous apartments, the doors to each of these, in which the postage stamps belonging to the company were deposited, were broken and entered and they were stolen and carried away by the defendant. It is now insisted that neither the charge in the indictment nor the facts in proof made out the offence of burglary against the defendant; that in order to fix legal guilt upon him, it should have been alleged and proved that he effected his entrance by breaking the door through which he got into the house, and not by showing that, after entering it, he broke either of the doors of the departments in it, where the valuables in question were found. Such, however, is not our apprehension of the law. It is well-settled, by a number of cases, that where a party is indicted for breaking and entering an out-house within the curti-

lage or protection of a mansion or dwelling, the burglary should be laid as having been done in the dwelling-house. 1 Wharton's Cr. L. §815, and citations. If this be true as to an out-house within the protection of the mansion or dwelling-house, *a fortiori* would it be so as to an apartment in the house, a party's place of business in which his goods, wares, etc. were stored or contained, and which was broken and entered with an intent to commit a larceny upon the articles of value therein contained. This in- dictment does not allege in terms that the depot was the place of business of the railroad company, but no specific objection was taken to it on this account, and had there been one, we are not prepared to hold that it was tenable, as the offence, though not charged in the terms and lan- guage of the code, is so plainly set forth that its nature could be easily understood by the jury. It is always best, however, to avoid cavil or dispute, to conform to the very words of the statute on which the accusation is based. On this point, there was no error in the instruction given by the court.

2. Nor was there any error as to the defence, attempted to be set up, that the defendant had been previously con- victed and punished for the act constituting the offence for which he was then on trial. There had been numerous pilferings of stamps and other articles from this and an adjacent building within the curtilage, so to speak, extend- ing over a period of three or four weeks; some of them undoubtedly amounted to nothing more than larceny from the house, and of that offence the defendant had been con- victed, but it is neither alleged nor shown by proof that the one for which he was tried and convicted was the burglary for which he was then being tried. The plea is general, when, by the requirements of the law, it should have been special; it necessarily consists of two matters, viz: first, matter of record, to-wit, the former indictment and con- viction; and secondly, matter of fact, to-wit, the identity of the person convicted and of the offence of which he was

convicted. To support the first matter, it is necessary to show that the defendant was legally convicted, on an indictment free from error, in a court having jurisdiction. These latter questions are to be determined by the court, but issue may be taken, not only upon the identity of the offender and the offence, but upon the existence of the record, and either or all these issues would have to be submitted to the jury. Wharton Cr. Plea. and Pr. §§477–483. In these essential particulars, this plea is altogether deficient, nor is the proof offered to sustain it less uncertain, for even the former indictment upon which it was alleged that the defendant was convicted, although generally referred to as exhibit A attached to the evidence, does not appear in this record. In its absence, we cannot determine that the court committed error in the disposition he made of it; the fair presumption is directly the contrary of this.

3. The remaining question is one of much more difficulty. Certain confessions of the defendant were given in evidence. After they had gone to the jury, it was ascertained that they had been improperly obtained, the defendant having been told that he had best make them. No preliminary investigation was had to test their competency, but when the testimony was nearly all in, his counsel moved to reject them; but while admitting that they had been obtained in an improper manner, the judge refused to reject them unconditionally, carefully instructing the jury as to the circumstances, extent and purposes for which they should be treated as evidence, and if none of the facts which render them evidence existed, directing them to be rejected altogether. He informed the jury that if nothing more than the confessions thus improperly obtained had appeared in the evidence, he would not have permitted them to consider them at all, but that where the confession pointed to a substantive fact, from which guilt could be inferred or established, the law deemed it competent proof, and cautioning them that inference was not conviction, and that the independent facts brought to light

by the confession must be established by other proof than the confession itself; they were permitted to consider the confession as a circumstance in connection with the facts thus developed in reaching a conclusion as to his guilt, of which they must be satisfied from all the evidence, including the fact that the confession was made beyond a reasonable doubt. " Although confessions made by threats or promises" (says Wharton's Criminal Evidence, §678) " are not evidence, yet if they are attended by extraneous facts, *which show that they are true* (the italics ours), any such facts thus developed, and which go to prove the crime of which the defendant was suspected, will be received as testimony; *e. g.* where the party thus confessing points out or tells where the stolen property is, or where he states where the deceased was buried, or gives a clew to other evidence which proves the case. But if, in consequence of the confession of the prisoner thus improperly drawn out, the search for the property or person in question proves ineffectual, no proof of confession or search will be received. And in case of larceny, the property must be identified by other evidence as that which was actually stolen." This succinct statement of the law is supported by a number of cases, English and American, referred to and cited in the foot-notes to the text. Two of these we especially invoke; Laros *vs.* The Commonwealth, 84 Penn. St. 200, where Chief Justice Agnew, who delivered the opinion of the court, pointedly says (p. 209), " An admission, not competent as a confession, is admissible when its truth is proved by the revelation of the fact by search." See also Sampson *vs.* The State, 54 Ala. 241. The discovery made in consequence thereof involves the admission of the confession so far as it relates to such discovery. The reason for rejecting confessions improperly obtained is, their liability to prove false by reason of the motive which induces them, but when they are corroborated and confirmed by the discovery to which they lead, the reason for their rejection ceases, and *ratione cessante, ipsa lex*

*cessat.*   So far as we can understand the scope and bearing of this charge, it goes to this extent and no further.

The failure to test the competency of the confession by an inquiry preliminary to their admission, thereby allowing them to make an improper impression upon the minds of the jury, doubtless influenced the presiding judge to deliver this charge, limiting and restraining the force and effect which such admissions would have without it, and was, in fact, more favorable to the defendant than if the motion of his counsel had prevailed and the testimony, without more, had been rejected.   We might and probably ought to have declined to consider the general exception made to this charge in which no specific error is alleged or pointed out.   If the case, in our opinion, had not been clear upon the proof, we should have been less reluctant to interfere and to arrest the execution of the sentence.

Judgment affirmed.