21084. SAMPSON *v.* STATE OF GEORGIA.

Decided March 31, 1931.

*Clifford E. Hay, Jesse J. Gainey,* for plaintiff in error.
*G. C. Spurlin, solicitor-general,* contra.

Bloodworth, J. An indictment was drawn by the solicitor-general against Frances Parker, on which the name of Jule Sampson (plaintiff in error) was entered as prosecutor. The indictment was returned into court by the grand jury as "no bill," with an entry thereon of malicious prosecution. The judge of the superior court passed an order adjudging Sampson in contempt of court, and directing that he be held in jail until he paid the cost in the case. He filed a petition denying that he was the prosecutor, and moved to vacate and set aside this order; and the trial judge suspended the enforcement of the jail sentence, but overruled the motion to vacate and set aside the judgment. To the judgment refusing to vacate and set aside the defendant excepts, assigning error thereon.

This case can be settled by determining whether or not the said Sampson was in legal contemplation the prosecutor. Section 1109 of the Penal Code of Georgia says in part: "The prosecutor's name shall be endorsed on every indictment, and he shall be compelled to pay all costs and jail fees upon the acquittal or discharge of the person accused. 1. When the grand jury, by

their foreman, on returning No Bill, express it as their opinion that the prosecution was unfounded or malicious." Who is subject to rule in this State? The prosecutor. Who is the prosecutor in this case? In *Murray* v. *State*, 30 *Ga. App.* 373 (118 S. E. 62), citing 6 Words & Phrases, 5739, and *Eady* v. *State*, 10 *Ga. App.* 818 (74 S. E. 303), this court held that "a prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based." See also *Ethridge* v. *State*, 164 *Ga.* 53 (2) (137 S. E. 784). A prosecutor is "the person who voluntarily goes before the grand jury with his complaint." 27 Fed. Cases, 954. Who made the affidavit upon which the warrant in this case was issued? The record discloses indisputably that the defendant did not sign that affidavit, and that was the only affidavit before the grand jury. That affidavit was signed by S. Sampson Jr., a brother of the defendant, and his name as prosecutor appeared on the back of the warrant; so the State can get no help from that warrant. It is true that the record shows that the name of Jule Sampson appears as prosecutor on the "no bill" which was returned by the grand jury; but there is no evidence to show that his name was placed there by his authority, as he did not sign the affidavit on which the warrant was issued, and there was no evidence to show that he ever went voluntarily before the grand jury with the complaint. On the contrary, the record shows that when he did appear before that body it was in obedience to a subpœna. The record not showing that Jule Sampson was the prosecutor, the court erred in adjudging him in contempt, and also erred in refusing to him the relief for which he prayed in his petition.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*