60446. SINGER v. THE STATE.

DEEN, Chief Judge.

Jefferson Singer brings this appeal from his conviction of violation of the Georgia Controlled Substances Act (possession of methylenedioxyamphetamine).

1. Appellant contends that the trial court erred in denying his motion to suppress because the evidence was taken from his person after an illegal arrest and that the search of his person by a female officer was an unreasonable search.

The evidence showed that appellant and his five male companions were arrested for criminal trespass on the roof of the Visual Arts Building of the University of Georgia. Earlier the young men had asked the officer if they could go up on the roof to watch the sun rise and the officer informed them that they could not because there were women students working inside the building who would be frightened by their presence on the roof. After the officer left, the young men decided to go up on the roof and their presence was reported to the campus police by young women working in the building. The arresting officer drove to the Visual Arts Building, climbed the stairs to the roof, climbed over a padlocked gate that separated the stairwell from the roof-deck and found appellant and his friends on the roof. Two assisting officers arrived shortly thereafter and a patdown search was conducted before the young men were transported to the police station. During this search, a packet of marijuana was found on appellant. The officers and the arrestees climbed back over the gate and descended the stairs. After they arrived on the ground, they were advised of their rights, handcuffed, placed in patrol cars and transported to the University of Georgia Police Department for booking. At the police department they were fingerprinted, searched and photographed before being transported to the Clarke County Sheriff's office. Officer Anne Bandy conducted the searches of each of the young men during the booking process. She asked appellant to empty the pockets of his blue jeans and place the contents on the counter. After he had emptied his pockets, she searched his clothing for further contents. In his front pants pocket she found a creamy, brown-colored powder wrapped in plastic which appellant informed her was "speed." The officer sealed

it in an evidence bag and locked it in her locker. Two days later, it was turned over to the State Crime Laboratory. At trial the parties stipulated that the Crime Lab analysis revealed that the substance was "3, 4 methylenedioxyamphetamine (MDA), a Schedule I drug."

Some of the young men who were arrested were students at the university, but appellant was not. The evidence shows that appellant committed a criminal trespass within the meaning of Code Ann. § 26-1503 in the presence of the officer. An officer who acts under the direction of the Director of Public Safety at the University of Georgia has the authority to forbid entry on University of Georgia property. *Alonso v. State,* 231 Ga. 444 (202 SE2d 37) (1973). See also *Walker v. State,* 144 Ga. App. 838 (242 SE2d 753) (1977).

The search that uncovered the MDA was a permissible post-arrest search for weapons or contraband. *Graves v. State,* 138 Ga. App. 327 (226 SE2d 131) (1976). The search of his outer clothing and pockets by a female police officer was not an unreasonable search in contravention of his Fourth Amendment rights to personal privacy and dignity as contended by the appellant. Although a male officer was present and could have conducted the search, the search was not of such an intrusive nature that it could not be conducted by a female officer.

2. Appellant enumerates as error the failure of the trial court to grant his motion to dismiss the prosecution in superior court because the prosecution was barred by Code Ann. § 26-506 (b).

Appellant argues that his plea of nolo contendere to the criminal trespass and possession of marijuana charges in the Clarke County Magistrate's Court two days after his arrest barred a subsequent prosecution under Code Ann. § 26-506 (b) which provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c)."

Appellant's argument that the arresting officer is the "proper prosecuting officer" within the meaning of the statute is without merit. It has long been held that "[b]efore a jury is impaneled in a criminal case, a *nolle prosequi* may be entered at the pleasure of the prosecuting officer." *Reynolds v. State,* 3 Ga. 53 (1847). See also *Price v. Cobb,* 60 Ga. App. 59 (3 SE2d 131) (1939). This rule has been codified as Code Ann. § 27-1801 and now provides that the district attorney may enter a nolle prosequi with the consent of the court. " 'A prosecution consists of the series of proceedings had in bringing of an accused person to justice, from the time when the formal accusation is made, by the filing of an affidavit or a bill of indictment or

information in the criminal court, until the proceedings are terminated.' [Cits.]" State v. Harvey, 187 SE2d 706, 717 (281 N. C. 1) (1972). Thus, the language of the statute clearly means the prosecuting attorney for the state; that is, the district attorney or his authorized assistants.

Appellant entered his plea in magistrate's court on May 14, 1979. The report on the material sent to the State Crime Lab was dated May 16, 1979, and a warrant was issued for appellant's arrest on May 17, 1979. There is no evidence to show that the District Attorney's office had any knowledge that the accused possessed MDA until the lab report was received or that it had any knowledge of the entry of the nolo contendere plea on May 14, 1979. Until the report came back from the crime lab, the district attorney's office was not aware that the accused had committed a felony which would come within the jurisdiction of the superior court as the magistrate's court apparently had jurisdiction over the misdemeanors. We therefore do not believe that the subsequent prosecution for the felony was barred by the provisions of Code Ann. § 26-506 (b).

3. Appellant finally contends that the trial court erred in sua sponte raising the validity of his nolo contendere plea made in the magistrate's court, ruling that the pleas were invalid under Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), and that the double jeopardy provisions of the Georgia Code and the Constitution are no longer applicable. (A copy of the defendant's plea or record of the proceedings in the magistrate's court does not appear in the record.) As jeopardy had not attached for the reasons stated in Division 2 above, and the defendant has not given any other reason as to how the superior court's ruling harmed him, this court does not need to address this issue.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 21, 1980 —
REHEARING DENIED NOVEMBER 13, 1980 —

*Ernest DePascale, Jr.,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.