## 68241. WELCH v. THE STATE.
### (323 SE2d 622)

BENHAM, Judge.

On April 13, 1983, appellant, while under the influence of alcohol, operated a motor vehicle in a reckless manner in the parking lot of Cobb General Hospital. When Officer D. H. Brown approached him, appellant fled. Officer Brown apprehended him, but he ran away again and was reapprehended and turned over to Officer Lewis Massey to be transported to the Cobb County Police Department for booking. While Officer Massey was driving appellant to the police station in the paddy wagon, appellant knocked out the window wire screen and plexiglass of the wagon's rear door and fled. He was arrested and charged with reckless conduct and driving under the influence, based on the affidavit of John Foster of Cobb General Hospital Security; obstruction of an officer, based on the incident with Officer Brown; and interference with government property and escape, based on the incident with Officer Massey. The reckless conduct and DUI charges were contained in one state court accusation, the obstruction of an officer charge was contained in a second state court accusation, and the property interference and escape charges were contained in a separate superior court indictment. Appellant pled guilty to and was sentenced for all of the charges except the reckless conduct and DUI charges, on which he requested a jury trial. He then filed a motion in autrefois convict alleging that a trial on the remaining charges would constitute double jeopardy, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. After a hearing, the trial court concluded that the State would not be barred from prosecuting appellant on the remaining offenses under OCGA §§ 16-1-7 and 16-1-8, inasmuch as the facts necessary to establish the offenses were not the same as those required to establish the offenses to which appellant pled guilty. Upon denial of his motion, appellant filed this appeal, his sole enumeration of error being that the trial court's denial was improper, since the basis of the escape charge was the prior detention for the reckless conduct and DUI charges. We affirm the trial court's ruling.

Questions of double jeopardy in Georgia must be determined under the expanded statutory proscriptions of OCGA §§ 16-1-6, 16-1-

7, and 16-1-8. *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983). OCGA § 16-1-7 (b) states: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . ." OCGA § 16-1-8 (b) states: "A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution . . ."

The crimes for which appellant was charged did not arise from the same conduct or transaction; three separate episodes of criminal conduct took place during the period in question. Assuming arguendo that appellant did commit the DUI and reckless conduct offenses, he committed them before or during the time Officer Brown initially apprehended him, thus ending the first episode. The conduct that resulted in the obstruction charge involved appellant's failure to cooperate with Officer Brown during the arrest. The placement of appellant in the police paddy wagon concluded the second episode. The third and final episode began when appellant knocked out the paddy wagon door and escaped, and it ended when he was apprehended for the last time.

Several factors led us to the conclusion that appellant's conduct should be considered divisible occurrences. The police officer involved in the first transaction was not the same one involved in the last transaction; the earlier two offenses involved appellant's operation of a motor vehicle, while the other offenses did not; and the various events that took place occurred at different times and locations.

The Supreme Court's recent decision in *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984), is inapplicable here. *McCannon* addressed the question whether a "prosecution [should have been] brought in a former prosecution for a different crime *which arose out of the same conduct*." (Emphasis supplied.) Since the crimes with which appellant was charged and convicted did not arise out of the same conduct, the *McCannon* analysis is unnecessary.

Although the trial court did not deny appellant's motion for the reason given in this opinion, its judgment stands. "A judgment correct for any reason will be affirmed." *Futch v. State*, 145 Ga. App. 485 (1) (243 SE2d 621) (1978).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

478

DECIDED SEPTEMBER 4, 1984 —
REHEARINGS DENIED OCTOBER 30, 1984 ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Roger L. Curry*, for appellant.
*Herbert A. Rivers, Solicitor, Diana L. Whipkey, Assistant Solicitor*, for appellee.