70503. WEBB v. THE STATE.
(336 SE2d 838)

CARLEY, Judge.

Appellant appeals from the denial of his statutory plea of former jeopardy pursuant to OCGA §§ 16-1-7 (b) and 16-1-8 (b). The plea was based upon the following factual situation: Police officers went to a particular location in response to a complaint that two persons were hunting from a car. The officers observed appellant driving a car while his brother sat in the window on the passenger side of the vehicle and pointed a gun toward a field. The officers stopped the vehicle, whereupon appellant was arrested and charged with driving under the influence of alcohol and driving with a suspended license. Thereafter,

the police officers informed the game warden of the incident. As a result, appellant was charged with three hunting violations. Appellant subsequently pled guilty to the hunting charges in the state court. Later on that same day, appellant requested that the traffic charges, which had been pending in the mayor's court, be transferred to the state court. See OCGA § 40-6-376 (b). After the traffic charges were so transferred, appellant filed his plea of former jeopardy with regard to them. A hearing was held, and the plea was denied.

Appellant contends that his prosecution for the traffic offenses is barred by virtue of OCGA §§ 16-1-7 (b) and 16-1-8 (b), as construed by the Supreme Court in *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984). "In *McCannon v. State*, supra, we held that a successive prosecution is barred when the conduct of an accused establishes more than one crime and [the crimes] are not prosecuted in accordance with OCGA § 16-1-7 (b). 'If the several crimes arising from the same conduct are *known to the proper prosecuting officer at the time of commencing the prosecution* and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except [in a circumstance not relevant here].' OCGA § 16-1-7 (b)." (Emphasis supplied.) *State v. McCrary*, 253 Ga. 747, 748 (325 SE2d 151) (1985).

Both appellant and the State focus on the issue of whether all of the charges against appellant arose from the same conduct or transaction. See generally *Boyette v. State*, 172 Ga. App. 683 (324 SE2d 540) (1984). Pretermitting that issue, however, we find nothing in the record before us to indicate that the traffic offenses which were pending in the mayor's court were *known* to the proper prosecuting officer at the time the hunting violations prosecution was commenced in the state court. It is undisputed that the traffic charges were not transferred to and filed in the state court until *after* appellant had pled guilty to the hunting offenses, and there is nothing in the record or transcript to suggest that the state court solicitor otherwise had knowledge of the traffic charges while they were pending in the mayor's court. Compare *State v. McCrary*, supra. Appellant argued before the trial court that all of the charges were timely known to the proper prosecuting officer, because the police officers who arrested appellant for the traffic violations knew that the hunting charges had also been brought. However, this court has previously held that the "proper prosecuting officer" within the meaning of OCGA § 16-1-7 (b) is not the arresting police officer but the prosecuting attorney for the State. *Singer v. State*, 156 Ga. App. 416, 417 (2) (274 SE2d 612) (1980).

Since there was no showing that all of the charges against appellant were known to the proper prosecuting officer at the time the hunting offenses prosecution was commenced, a subsequent prosecu-

tion for the traffic violations is not barred by OCGA §§ 16-1-7 (b) and 16-1-8 (b). See *McCannon v. State,* supra at 518. Accordingly, the trial court did not err in denying appellant's plea of former jeopardy, even though its reason for doing so was different from that discussed herein. " 'A judgment correct for any reason will be affirmed.' [Cit.]" *Welch v. State,* 172 Ga. App. 476, 477 (323 SE2d 622) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 28, 1985.

*Robert Culpepper III,* for appellant.
*J. Richard Porter III, Solicitor,* for appellee.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*