75574. SOULE v. THE STATE.
(362 SE2d 155)

DEEN, Presiding Judge.

On March 6, 1987, the appellant was arrested for driving under the influence, improper lane change, driving without a license, and having no vehicle insurance. At the time of the arrest, the appellant gave his name as Robert Lee Soule. A subsequent records check on March 10, 1987, revealed that his real name was Pierre Lee Soule and that his driver's license had been revoked because of habitual violator status. The arresting officer filed additional charges against Soule for giving a false name and driving as a habitual violator.

On March 11, 1987, counsel was appointed for Soule to represent him on the false name and habitual violator charges, which, on March 18, 1987, were bound over to the superior court. On March 12, 1987, before the State Court of Clayton County, Soule pleaded nolo contendere to the DUI charge and guilty on the other traffic offenses, and was sentenced. The actual accusation prepared by the solicitor charging Soule with DUI was in Soule's correct name of Pierre Lee Soule, as was the court's sentence entered on that charge. Before the trial on the false name and habitual violator charges, Soule filed a plea in bar, contending that prosecution of those two charges was barred under OCGA §§ 16-1-6; 16-1-7; and 16-1-8. The trial court denied the plea in bar, and Soule brings this appeal following his conviction on both charges. *Held:*

OCGA § 16-1-7 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be presented in a single prosecution except [where the court orders separate trials in the interest of jus-

tice]." In the instant case, all six crimes charged in the two prosecutions obviously arose from the same conduct. The crucial issue is whether the "proper prosecuting officer" knew of all the charges against Soule prior to the prosecution of the first four charges in the state court.

The fact that the arresting officer knew of all the charges before the disposition of the four misdemeanor offenses in the state court on March 12, 1987, is inconsequential, since the proper prosecuting officer is the prosecuting attorney, not the arresting officer. *Webb v. State*, 176 Ga. App. 576 (336 SE2d 838) (1985). There was no testimony that the state court solicitor actually had been apprised of the additional charges filed against Soule before the state court proceeding. However, although the four citations completed by the arresting officer indicate the offender's name as Robert Lee Soule, both the official accusation on the DUI charge prepared by the solicitor and the sentence entered by the state court identify Pierre Lee Soule as the offender. It thus appears that the solicitor was aware of the additional charges against Soule, or else would not have known to prepare the accusation under Soule's correct name. Under these circumstances, the decision to proceed with the prosecution of the first four misdemeanor offenses in the state court barred subsequent prosecution in the superior court of the habitual violator felony charge and the other misdemeanor charge, both of which arose from the same conduct as the first four charges. *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985); compare *Powe v. State*, 181 Ga. App. 429 (352 SE2d 783) (1986).

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 20, 1987.

*James W. Bradley*, for appellant.
*Robert E. Keller*, District Attorney, *Deborah Benefield*, Assistant District Attorney, for appellee.