## 74799. FARMER v. THE STATE.
(363 SE2d 62)

BENHAM, Judge.

Appellant was arrested on June 20, 1986, for DUI, driving without insurance, and operating a motor vehicle after being declared an habitual violator (HV). After a preliminary hearing, the charges were

bound over to the State Court of Clayton County. On August 13, 1986, appellant there pled guilty to the DUI charge, was duly sentenced, and showed proof of motor vehicle insurance, causing the solicitor to move to nolle prosequi the insurance charge. The record does not reveal any action taken regarding the HV charge, a felony. On September 25, 1986, a Clayton County grand jury indicted appellant for DUI and HV, arising out of the June 20 incident. Appellant pled not guilty at arraignment, and filed a plea in bar as to the indictments. The trial court granted the plea with regard to the DUI but denied it on the HV charge. On direct appeal (*Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982); *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984)), appellant challenges that denial, arguing that OCGA § 16-1-7 (b) requires it be reversed. We affirm.

OCGA § 16-1-7 prohibits multiple convictions and successive prosecutions for the same conduct. *Brock v. State*, 146 Ga. App. 78, 80 (245 SE2d 442) (1978). OCGA § 16-1-7 (b) states: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." It is undisputed that the various crimes arose out of the same conduct and that they were within the jurisdiction of a single court, the Superior Court of Clayton County. See OCGA § 15-6-8 (1); *Brock*, supra. The only question left unanswered is whether the crimes were known to the proper prosecuting officer at the time of commencing the prosecution. Applying the standard set out in *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987), we find that they were not. *Baker* holds that OCGA § 16-1-7 (b) applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings." Id. p. 4. We find nothing in the record to show affirmatively that the assistant solicitor knew of the HV charge at the time of the state court prosecutions. "[S]ince [Farmer] did not establish that the assistant solicitor had actual knowledge of the felony offense that arose from the same conduct as the traffic charge, the State may proceed with its prosecution of the habitual violator offense against [Farmer]." Id. p. 4.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 16, 1987.

*Lee Sexton*, for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.