### 75096. In re HERRING.
#### (365 SE2d 139)

BEASLEY, Judge.

Rod Sutton was charged with child abandonment. OCGA § 19-10-1. Appellant Sharon Herring executed the affidavit that was the basis for Sutton's arrest warrant. Sutton, contending he was not the child's natural parent, requested a paternity blood test under OCGA § 19-10-1 (f). The prosecuting attorney and defense counsel entered into a consent agreement that the results of the human leukocyte antigen test be admissible as evidence "without the necessity of witnesses, who are involved in the collection, transportation or testing of the specimens from these institutions appearing in the event a trial is necessary." The agreement concluded: "The reports shall be admissible without objection for whatever purpose a jury or the Court may wish to place upon the same."

The result of the test was that "the alleged father cannot be the biological father of the child." At a call of the case on January 19, 1987, the trial court in recognition of the test result issued an order that the abandonment action against Sutton be dismissed and the cost of bringing the action and the cost of the HLA test be assessed against Herring, she to reimburse Sutton and pay the other costs into court. Later, on January 28 the trial court wrote and signed a recital on the adjudication and sentence portion of the criminal information form: "Dismissed by solicitor after receipt of paternity order attached," referring to the January 19 order.

Herring moved to set aside the January 19 order and attached an

affidavit in which she stated that she was not present at the hearing on January 19 because she was hospitalized, that she had notified the court in advance that this would be so, and that she knew that Sutton was her child's father. As grounds for the motion Herring set out that she was only a witness, was not the prosecutor and could not be liable for the costs.

The trial court denied the motion to set aside and gave as the basis for that order "the Court [had] confirmed the understanding of [Herring] at the time of the initial arrangement in this matter, and she [had] acknowledged clear understanding of the assessments to be made from the results of the blood tests to which she voluntarily submitted."

Upon the grant of her application for review Herring appeals and enumerates three errors: taxing the blood test costs against her absent a finding of parentage or nonparentage under the abandonment statute; assessing court costs where she was not one who could be charged with costs; labelling the January 19 dismissal as a "paternity order" which could bar subsequent civil or criminal actions against Sutton.

1. The second sentence of OCGA § 19-10-1 (f) (2) provides: "Upon the entry of a verdict incorporating a finding of parentage or nonparentage, the court shall tax the expenses for blood tests and comparisons, in addition to any fees for expert witnesses whose testimonies supported the admissibility thereof, as costs." If there is the requisite finding, the expenses of blood testing are thus included within the generic description of costs in OCGA § 17-11-4. It prescribes the conditions for the imposition of costs upon the prosecutor. Assuming without concluding that the court's mere recital of January 28 or the order of January 19 constituted a finding of nonpaternity, the primary question is whether "[t]he prosecution [was] abandoned before trial" so as to impose the costs upon Herring. OCGA § 17-11-4 (a) (3).

Herring's argument that she is not a prosecutor within the meaning of the code section has been foreclosed by *Sampson v. State*, 43 Ga. App. 89, 90 (157 SE 915) (1931). That decision, quoting from *Eady v. State*, 10 Ga. App. 818 (74 SE 303) (1912), held: " '[A] prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based.' " Herring was a "prosecutor" under the code section.

Still a requirement remains; the prosecution must have been abandoned. One of the few cases discussing this section dealt with the failure of the prosecutor to appear and prosecute the case. See *Underwood v. Harvey*, 106 Ga. 268 (32 SE 124) (1898). The clear intendment of the provision is that the prosecutor abandons the prosecution, not that the prosecuting attorney, over whom the prosecutor has

no control, decides not to continue with the proceedings. Here the attorney for the State, not for Herring, made the determination to enter into the consent agreement and to permit the dismissal of the action against Sutton. The State cannot by this totally independent action cast the costs against the prosecuting witness. The trial court did not find that she abandoned the prosecution. That Herring may have understood that costs would be assessed might indicate acquiescence in the original consent agreement, but would not bind her contrary to law. Nor does it show that she "abandoned" the prosecution as required by OCGA § 17-11-4 (3). It was error to assess costs against Herring.

2. Having dealt with the first two enumerations of error, we turn to the third. It takes issue with the court's recital of January 28, on the back of the criminal information form, insofar as it characterizes the January 19 order as a "paternity order." This complaint was not raised below, nor was that recital, if it even constitutes an order, appealed from. We do not, therefore, address it.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988.

*Patricia D. Barron*, for appellant.
*Parnell Odom, Solicitor, John H. Cranford, D. Scott Cummins, Assistant Solicitors*, for appellee.