## 76617. SANDERS v. THE STATE.

(374 SE2d 542)

BEASLEY, Judge.

Defendant, as is his right, brings direct appeal from the order of the trial court overruling his plea of double jeopardy. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

According to his brief, on October 30, 1987, he was charged with driving under the influence of alcohol and being a habitual violator. On November 23 he appeared before the Recorder's Court of Poulan and pled guilty to the misdemeanor offense of driving under the influence. At that time he informed the presiding judge in the presence of the arresting officer that he was charged with being a habitual violator. He was sentenced to a fine of $800 which he paid in December.

Subsequently, the district attorney presented defendant's charge of habitual violator to the grand jury, which returned a true bill in January. At the time of the arraignment, the district attorney furnished defendant with an incident report which charged defendant with two offenses allegedly committed on the same day — driving under the influence and habitual violator.

Defendant contends that presenting the habitual violator charge and seeking trial on it is barred under the principles of double jeopardy as provided by OCGA §§ 16-1-7 (b) and 16-1-8 (b).

When there are misdemeanor and felony charges arising out of the same conduct and within the jurisdiction of the same court, OCGA § 16-1-7 (b) requires that they be tried together. If not, the State may suffer the consequences of OCGA § 16-1-8 (b). In *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) (1984) [affirmed *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985)], defendant was charged with two felonies and two misdemeanors which arose out of one course of conduct. Defendant was allowed to plead guilty to the misdemeanors in probate court. This court explained the effect: "The State, by its election (either intentional or by default) to proceed separately as to the misdemeanor offenses, falls before the caveat that when related crimes are prosecuted separately, the more serious crimes should be prosecuted first to avoid the result, as in this case, that a conviction of a lesser crime will act as a bar to the prosecution for the more serious crime." Id. at 587. Thus, the prosecution in one court prevented the successive prosecution in another court for the felonies.

A prerequisite of the type of statutory double jeopardy claim urged by appellant is knowledge by the proper prosecuting officer, the one at the first proceeding. This means actual, not constructive, knowledge by the prosecuting officer actually handling that proceeding. *Baker v. State*, 257 Ga. 567, 568 (361 SE2d 808) (1987); *Powe v. State*, 257 Ga. 563 (361 SE2d 811) (1987).

Contrary to defendant's assertions, the district attorney's knowledge at the time of presentment would be of no consequence, given the facts as stated in the brief. The vital question pertains to the prosecuting officer's knowledge of all the charges on November 23 when defendant's guilty plea was accepted in the recorder's court. OCGA § 16-1-7 (b) refers to "crimes arising from the same conduct . . . known to the proper prosecuting officer at the time of commencing the prosecution and . . . within the jurisdiction of a single court." Compare *McCannon v. State*, 252 Ga. 515, 518 (315 SE2d 413) (1984). When considered all together as a package, the crimes charged at the outset here were only within the jurisdiction of the superior court, *Brock v. State*, 146 Ga. App. 78, 80 (245 SE2d 442) (1978), and the prosecution of the charges arising from the conduct was commenced in the recorder's court, which was authorized to transfer all of them to the superior court.

We cannot decide the issue in this case, however, because no record of the hearing below nor of the proceedings in the recorder's court has been forwarded to this court. There is thus nothing to indicate who assumed the role of prosecuting officer before the recorder's court and what was known or what was said, because a brief is not a record. What is stated therein provides no factual predicate. *Strickland v. State*, 184 Ga. App. 185, 187 (361 SE2d 207) (1987); *Tommie v. State*, 158 Ga. App. 216, 217 (2) (279 SE2d 510) (1981). In the absence of those facts this court cannot determine "who knew what" at the time the prosecution commenced. "[D]efendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief." *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549) (1980).

In the absence of a contrary showing, we must assume as a matter of law that the evidence supported the findings of the trial court. *Moore v. State*, 151 Ga. App. 413, 415 (260 SE2d 350) (1979). Based upon the record presented, defendant failed to show reversible error.

*Judgment affirmed. Banke, P. J., concurs. Birdsong, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 22, 1988 —
REHEARING DENIED OCTOBER 14, 1988

F. *Leonard Morris, Jr.*, for appellant.
*David E. Perry, District Attorney*, for appellee.