A90A0877. ZATER v. THE STATE.
(399 SE2d 222)

DEEN, Presiding Judge.

A Barnesville Police Department officer gave chase to a "small, red, Mercury Lynx" for speeding but lost sight of the car. She called for backup and was notified within a few minutes that a car answering that description had been stopped by the Lamar County Sheriff's Department. She met the officers some 30 minutes later at the Sheriff's Department and charged the driver with speeding, and with fleeing and attempting to elude within the city limits of Barnesville. The case was dismissed in the Barnesville Municipal Court because the calibration of the radar was not offered.

The arresting officer testified in the instant case that he received a lookout for a small red vehicle being driven recklessly at a high rate of speed on Hwy. 41, towards Forsyth. Approximately five minutes later, the officer encountered the vehicle and stopped it. The defendant was driving and reeked of alcohol. He was taken to the Sheriff's Department, an intoximeter test was given, and he was charged with DUI. Under "remarks" on the citation, the officer noted, "Stopped for lookout from city ref speeding auto . . . when stopped strong odor of alcoholic beverage on breath." Nearly four months later, an accusation based upon the arresting officer's citation was returned against the appellant for the offense of DUI in the Superior Court of Lamar County.

Appellant filed a motion to dismiss, and a plea in bar was filed alleging that the superior court prosecution was barred by the dismissal of the charges in the Barnesville Municipal Court. Zater appeals from the denial of his plea in bar.

1. Multiple convictions and successive prosecutions for the same conduct are prohibited under OCGA § 16-1-7 (b): "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ."

In determining whether the prosecuting attorney had knowledge of the offenses in the Barnesville Municipal Court, the Court in *Baker*

*v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987), determined that OCGA § 16-1-7 (b) applies " 'only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings.' " Under *Baker*, the appellant bears the burden of showing that further prosecution is barred by the previous prosecution, including "a showing that the proper prosecuting attorney had actual knowledge of all the charges." *Hayles v. State*, 188 Ga. App. 281 (372 SE2d 668) (1988); *Farmer v. State*, 184 Ga. App. 851 (363 SE2d 62) (1987).

The argument espoused by the defendant that the "proper prosecuting officer" is the arresting officer has been rejected by this court on several occasions. In *Singer v. State*, 156 Ga. App. 416 (2) (274 SE2d 612) (1980), construing what is now OCGA § 16-1-7 (b), this court held that "the language of the statute clearly means the prosecuting attorney for the state; that is, the district attorney or his authorized assistants." Id. at 418. Although, as noted by the dissent, the holding in *Singer* should be expanded to include state court solicitors and their assistants, we do not agree with the dissent that we should retreat from the central holding in *Singer* that the "proper prosecuting officer" as that phrase is used in OCGA §. 16-1-7 means the prosecuting *attorney* for the State. More recently in *Webb v. State*, 176 Ga. App. 576 (336 SE2d 838) (1985), this court reiterated the holding in *Singer* and found that the knowledge of the arresting officer was immaterial because the " 'proper prosecuting officer' within the meaning of OCGA § 16-1-7 (b) is not the arresting police officer but the prosecuting attorney for the State." Id. at 577. Likewise, in *Soule v. State*, 184 Ga. App. 598 (362 SE2d 155) (1987), this court held that "[t]he fact that the arresting officer knew of all the charges [against the accused] is inconsequential, since the proper prosecuting officer is the prosecuting attorney, not the arresting officer." Id. at 599.

Moreover, the cases cited by the dissent for the proposition that "[a] prosecutor in Georgia is not necessarily a State's attorney" do not involve the application of OCGA § 16-1-7 (b), as did the cases cited above. Rather, the issue in *McKee v. State*, 168 Ga. App. 214 (1) (308 SE2d 574) (1983), concerned the term "prosecutor" as used in OCGA § 15-12-163 (b) relating to jury disqualification. In *In re Herring*, 185 Ga. App. 541, 542 (1) (365 SE2d 139) (1988), the court first had to ascertain the identity of the "prosecutor" within the meaning of OCGA § 17-11-4 (a) (3) so it could then determine whether the "prosecution" against the accused had been abandoned before trial so as to authorize the imposition of costs pursuant to that section. In *Eady v. State*, 10 Ga. App. 818 (74 SE 303) (1912), the question before the court concerned the use of the term "prosecutor" in legislation creating a city court which required defendants in criminal cases to be tried on a written accusation founded upon the affidavit of a "prosecutor." In that case this court found that an accusation signed

by the solicitor of the court was sufficient under the terms of the act. In sum, a reading of the cases cited by the dissent shows that they are in no way illuminative of the issue to be decided in this case, to wit, whether the arresting officer should be deemed to be the "proper prosecuting officer" within the meaning of OCGA § 16-1-7 (b).

Adoption of the view espoused by the dissent would be the first instance in which this court has placed the burden on a police officer to bind proceedings over to another court because the officer knows defendant has been charged with other offenses arising out of the same conduct. Implicit in this holding is that the police officer must know that failure to do so would result in the inability to try the accused for all the charges against him. In our opinion, such a drastic change in the law is not warranted.

2. Appellant's reliance upon *Daniels v. State*, 78 Ga. 98, 102 (1886) and *State v. Rowe*, 138 Ga. App. 904, 905 (228 SE2d 3) (1976), is misplaced as those cases do not support Zater's position that he should have been granted a jury trial on the issue of his plea in bar to the DUI offense. The issues of fact which must be submitted to the jury on a plea in bar are the identity of the offender and the offense, and the existence of the record. In Zater's case, there is no issue as to identity of the offender who committed the offense, as he is clearly identified as the defendant in both courts and the record was shown to exist. It was not necessary to have a jury hear the plea.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

I concur in Division 2 but not in Division 1. Defendant is entitled to reversal because of violation of his right to be tried in a single prosecution pursuant to OCGA § 16-1-7 (b).

The transcript of the motion hearing establishes that the statutory "prosecuting officer" in the Barnesville Municipal Court had actual knowledge when that case was commenced that defendant was charged also with driving under the influence. The statute says "prosecuting officer," not "prosecuting attorney," so the first government representative to proceed was the police officer.

A prosecutor in Georgia is not necessarily a State's attorney. "A prosecutor is one who instigates a prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued or an indictment or accusation is based. [Cit.]" *Eady v. State*, 10 Ga. App. 818 (1) (74 SE 303) (1912). In *McKee v. State*, 168 Ga. App. 214 (1) (308 SE2d 574) (1983), it was the detective who had interrogated defendant and swore out the arrest warrant, who was deemed the prosecutor for purposes of OCGA § 15-

12-163 (b). In *In re Herring*, 185 Ga. App. 541, 542 (1) (365 SE2d 139) (1988), it was the complaining witness, affiant for the arrest warrant, who was deemed the prosecutor for purposes of OCGA § 17-11-4. Although these cases do not construe OCGA § 16-1-7 (b), they demonstrate that the descriptive term "proper prosecuting officer" as used in the Georgia statute is not necessarily confined to state's attorneys.

The conclusion in *Singer v. State*, 156 Ga. App. 416, 418 (2) (274 SE2d 612) (1980), that "prosecuting officer" in what is now OCGA § 16-1-7 (b) means the district attorney or his authorized assistants, should be overruled to the extent that it is exclusive. For one thing, it omits the solicitor of the state court and the solicitor's assistants. More pertinent here and in *Singer*, it omits the prosecuting officer in the first court in which charges are disposed of. To say that "the language of the statute clearly means the prosecuting *attorney* for the state" ignores its plain language, which is "prosecuting officer." (Emphasis supplied.) Certainly, when a charge is prosecuted in superior court, it will be by a district attorney or assistant district attorney; that person will be the prosecuting officer in the context of OCGA § 16-1-7 (b) because he or she is the government's representative then pursuing the charge.

But when the government's representative in a court proceeding which disposes of a criminal charge is another officer, then that is the "prosecuting officer," contemplated. The point is that the first government representative pursuing less than all the connected charges then known to that person in a dispositive court proceeding has the power and thus the responsibility to advise the court so as not to put the defendant through multiple prosecutions. It also serves the constitutional goal of "speedy, efficient, and inexpensive resolution of . . . prosecutions," Ga. Const. 1983, Art. VI, Sec. IX, Par. II, for the benefit of court, witnesses, parties, and the public, as well as the defendant who is the primary intended beneficiary of OCGA § 16-1-7 (b).

The cases upon which *Singer* relies do not deal with the question, and the primary case is foreign. The nolle prosequi statute, OCGA § 17-8-3 relates expressly to certain authority of "the prosecuting *attorney*." (Emphasis supplied.) *Singer* ignores the fact that many prosecutions of state offenses are conducted in lower courts without a district attorney. Thus it allows multitudes of double prosecutions. The protection afforded by the statute is not limited to felony prosecutions.

*Webb v. State*, 176 Ga. App. 576 (336 SE2d 838) (1985), relies on *Singer*. Moreover, that case differs from the instant case because "there was no showing that all of the charges against appellant were known to the proper prosecuting officer at the time the hunting offenses prosecution was commenced." The *first* prosecution of *Webb* was in state court, by a solicitor. There was no earlier prosecution of

the traffic charges in the municipal court; they were merely *pending* there. It is the knowledge of the first prosecuting officer who proceeds and "prosecutes" that governs. The arresting officer had not prosecuted in the municipal court; so of course he was not the prosecuting officer referenced in OCGA § 16-1-7 (b).

In *Soule v. State*, 184 Ga. App. 598 (362 SE2d 155) (1987), the officer first prosecuting was the state court solicitor. Since he knew of all charges and thus could have asked for bindover to superior court so that only one prosecution would be imposed on defendant, OCGA § 16-1-7 (b) was violated. The arresting officer was not the prosecuting officer in that case but would merely have been a witness, since the first prosecution proceeded in state court and not in a court which was not served by a prosecuting attorney as the government's representative.

In this instance, construing the two-prosecutions statute, the first· government representative to proceed in court was the police officer. She should have requested all charges to be bound over.

Both she and the arresting officer were present together at the jail after defendant's arrest. She charged defendant with speeding and with fleeing and attempting to elude, and the other officer charged him with DUI. Each officer knew of the other's charges. They arose from the same conduct. Although the proof of intoxication was not obtained until after the second officer's attention was drawn to defendant upon receipt of a radio message, defendant's intoxicated condition while speeding and fleeing in the presence of the first officer a few moments before was inferentially the same. Besides, the specific acts of misconduct charged "occurred in one single continuous course of conduct" as in *McCrary v. State*, 171 Ga. App. 585, 587 (320 SE2d 567) (1984), aff'd sub nom. *State v. McCrary*, 253 Ga. 747 (325 SE2d 151) (1985).

In that the record is present here, this case differs from *Sanders v. State*, 188 Ga. App. 774 (374 SE2d 542) (1988).

Speeding, attempting to elude, and DUI are State offenses which are all within the jurisdiction of the superior court. OCGA §§ 40-6-181; 40-6-395; 40-6-391; Ga. Const. 1983, Art. VI, Sec. IV, Par. I. When the assistant district attorney was assigned to prosecute the DUI charge, defendant had already been prosecuted once for his conduct in the municipal court. It was not this second prosecuting officer's actual knowledge which was at issue but rather that of the first prosecuting officer. *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987).

Defendant was entitled to the relief sought, as OCGA § 16-1-7 (b) is "designed to protect an accused against the harassment of multiple prosecutions arising from the same conduct." *Waites v. State*, 238 Ga. 683, 684 (235 SE2d 4) (1977).

Decided October 25, 1990 —
Rehearing denied November 20, 1990 —

*Virgil L. Brown & Associates, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*Tommy K. Floyd, District Attorney, Gregory A. Futch, Assistant District Attorney*, for appellee.