A91A0444. ANDERSON v. THE STATE.
(408 SE2d 829)

POPE, Judge.

Defendant Scott Allen Anderson appeals from the trial court's denial of defendant's Motion in Autrefois Convict and Plea of Former Jeopardy and defendant's subsequent conviction.

Defendant was arrested on January 17, 1990, after a car chase that involved police officers from both the City of Winterville and the Clarke County Police Departments. The City of Winterville is located within Clarke County. The pursuit began in the City of Winterville by an officer of that police department. The pursuit continued into unincorporated Clarke County, at which point an officer of the Clarke County Police Department joined in the chase. The Clarke County police officer became the only pursuer of the defendant after the City of Winterville police car wrecked during the pursuit.

As a result of this car chase, defendant was issued traffic citations by both police officers. The City of Winterville police officer cited defendant for attempting to elude in violation of OCGA § 40-6-395. The Clarke County police officer cited defendant for state law violations of speeding, driving on the wrong side of the road, reckless driving, attempting to elude and no proof of insurance.

On February 12, 1990, defendant appeared in the Recorder's Court of the City of Winterville as required by the citation issued by

the City of Winterville police officer. In that court, defendant entered a plea of guilty and was fined $500 and ordered to pay $495 in addition as property damage. Defendant did not waive his right to a jury trial before he entered his plea in that court.

On February 21, 1990, defendant was arraigned in the State Court of Clarke County on the charges issued by the Clarke County police officer. On that same day, defendant filed a Motion in Autrefois Convict and Plea of Former Jeopardy. By order entered July 25, 1990, the trial court denied that motion. On October 16, 1990, the trial court conducted a bench trial on the charges against defendant, and defendant was found guilty on all charges.

Defendant alleges that all charges cited by both police departments arose from one continuous course of conduct and, for that reason, subjecting defendant to two prosecutions for that conduct violates defendant's constitutional and statutory right to be free from double jeopardy. The trial court denied defendant's motion in autrefois convict and plea of former jeopardy. In the order denying that motion, the trial court found that the Recorder's Court of the City of Winterville lacked jurisdiction in that case because defendant did not waive his right to a jury trial before that court disposed of the charge against defendant. Recent decisions of this court and the Georgia Supreme Court have held that the subject matter jurisdiction of probate courts and recorder's courts to hear misdemeanor state law traffic violation cases is not dependent on whether a defendant waives his right to trial by jury. *Nicholson v. State*, 261 Ga. 197 (403 SE2d 42) (1991); *Kolker v. State*, 200 Ga. App. 72 (406 SE2d 514) (1991). Therefore, the trial court's ruling that the Recorder's Court of Winterville lacked jurisdiction over defendant's case is erroneous.

Georgia's statutory bar to successive prosecutions, the procedural aspect of double jeopardy, is codified in OCGA § 16-1-7 (b), which provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except [when the interest of justice dictates that one or more of the charges be tried separately]." First, we must decide if the charges for which defendant was arraigned before the State Court of Clarke County arise from the same conduct as the attempting to elude charge to which defendant plead guilty before the Recorder's Court of the City of Winterville. Initially, we note that we are without the benefit of a transcript of the proceedings before the trial court when it considered defendant's plea of former jeopardy or the proceedings in the Recorder's Court of the City of Winterville. The only facts available to us are those facts contained in the findings of fact section of the trial court's order denying defendant's plea of former jeopardy and those obvious from the traffic

citations issued to defendant. The facts as found by the trial court establish that a City of Winterville policeman began chasing defendant's speeding vehicle within the city limits of the City of Winterville and the Clarke County police officer joined in the chase after defendant left the incorporated area and entered unincorporated Clarke County. There was never a break in the pursuit and defendant was only apprehended after a tire on his vehicle deflated. While defendant's conduct gave rise to several offenses, all of the offenses arose out of one course of conduct, i.e., there was only one transaction. *McCrary v. State*, 171 Ga. App. 585, 587 (320 SE2d 567) (1984), aff'd 253 Ga. 747 (325 SE2d 151) (1985). See *McCannon v. State*, 252 Ga. 515, 518, n. 5 (315 SE2d 413) (1984); *Harrell v. State*, 196 Ga. App. 101, 103 (2) (395 SE2d 598) (1990).

In determining whether the prosecuting attorney had knowledge of the proceedings in the Recorder's Court of the City of Winterville, the Georgia Supreme Court in *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987) held that OCGA § 16-1-7 (b) applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings." "Under *Baker*, the appellant bears the burden of showing that further prosecution is barred by the previous prosecution, including 'a showing that the proper prosecuting attorney had actual knowledge of all the charges.' [Cits.]" *Zater v. State*, 197 Ga. App. 648, 649 (1) (399 SE2d 222) (1990). The record before this court is void of any evidence that the proper prosecuting officer had actual knowledge of all the charges pending against defendant before he plead guilty in the Recorder's Court of Winterville. Defendant's argument that the City of Winterville police officer's knowledge of the Clarke County charges can be imputed to the proper prosecuting attorney has been repeatedly rejected by this court. *Zater*, supra at 649; *Singer v. State*, 156 Ga. App. 416 (2) (274 SE2d 612) (1980). Accordingly, the trial court properly denied defendant's plea of former jeopardy.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 16, 1991.

*Megan C. De Vorsey*, for appellant.
*Ken Stula, Solicitor*, for appellee.