A92A1201. PRICE v. THE STATE.
(424 SE2d 841)

POPE, Judge.

Defendant Emile Frank Price appeals from the denial of his Plea and Amended Plea of Former Jeopardy. We affirm.

The record shows that on January 5, 1991, the car defendant was driving struck three cars stopped at the stop light at the intersection of North Avenue and Piedmont Avenue in the City of Atlanta. Defendant did not stop at the scene of the accident and proceeded westbound on North Avenue. Defendant travelled approximately one-eighth of a mile and then struck another car at the intersection of North Avenue and Williams Street on the Georgia Tech campus, causing the car he struck to strike two parked cars. Defendant failed to stop following this second collision and proceeded until he ran up on a curb on the Georgia Tech campus. Defendant was arrested by Georgia Tech Police and issued citations for the offenses of DUI, leaving the scene of an accident, running a red light and failure to stop at an accident with injuries. Defendant was also charged with leaving the scene of the North Avenue and Piedmont Avenue collision by a City of Atlanta police officer who issued defendant a citation for that offense while he was in custody on the Georgia Tech campus.

On February 14, 1991, defendant appeared in the City Court of Atlanta in connection with the leaving the scene of the accident charge issued by the Atlanta police officer. On February 21, 1991, de-

fendant again appeared in the City Court and entered a plea of nolo contendere to the charge of leaving the scene of the accident. On February 26, 1991, the uniform traffic citations issued by the Georgia Tech police officer were filed in the State Court of Fulton County. Defendant subsequently filed a Plea and Amended Plea of Former Jeopardy, urging that the prosecution in State Court was barred by the federal constitutional prohibitions against double jeopardy and by OCGA § 16-1-7 (b), the procedural aspect of double jeopardy. Held:

1. OCGA § 16-1-7 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." Pretermitting whether the crimes here arose from the same conduct, we hold that the trial court correctly held that defendant failed to meet his burden of showing that "the proper prosecuting officer" had knowledge of all the charges against defendant prior to the entry of his plea in traffic court. OCGA § 16-1-7 (b) applies " 'only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings.' " (Citation omitted.) *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987). Although defendant presented evidence that the judge presiding over the city court proceedings and the City of Atlanta police officer who testified at the proceedings discussed the other charges against the defendant when defendant first appeared in that court on February 14, 1991, undisputed evidence was also presented that none of the assistant solicitors who routinely handle cases in that court was present on that date. It has been repeatedly held by this court that the " 'proper prosecuting officer' as that phrase is used in OCGA § 16-1-7 means the prosecuting *attorney* for the State." *Zater v. State*, 197 Ga. App. 648 (1) (399 SE2d 222) (1990). Furthermore, no evidence was presented that the prosecuting attorney was present when defendant entered his plea on February 21.

Defendant posits, however, that even if the prosecuting attorney was not present during the city court proceedings, other evidence was presented to establish the requisite knowledge on the part of the prosecuting attorney. In support of this contention defendant argues that the record shows that on February 14 defendant's trial counsel served "opposing counsel" by hand delivery with a Motion for Discovery and Entry of Appearance. Defendant argues that "opposing counsel" could only refer to one of the solicitors who prosecute cases in city court, and if the solicitor had investigated the facts behind the documents then this unidentified solicitor would have discovered the other charges against defendant. This argument must fail for several reasons. First, assuming arguendo that these documents, which bear no notation that they were ever filed with the court and both of which

were marked "Client's Copy," were in fact served on "opposing counsel," there is no evidence that they were served on the prosecuting attorney *actually handling* defendant's case. See *Baker*, 257 Ga. at 569. Moreover, although the prosecuting attorney's *actual* knowledge may be shown by circumstances surrounding the proceedings, see *Soule v. State*, 184 Ga. App. 598 (362 SE2d 155) (1987), this court has consistently rejected a constructive knowledge or "should have known" standard. *Baker*, 257 Ga. at 569; *Powe v. State*, 257 Ga. 563 (361 SE2d 811) (1987); *Zater*, 197 Ga. App. at 649. Defendant has failed to establish that the solicitor or assistant solicitor had actual knowledge of the additional charges against defendant at the time he entered his plea of nolo contendere. Accordingly, the trial court properly denied defendant's plea of former jeopardy under OCGA § 16-1-7 (b). *Anderson v. State*, 200 Ga. App. 530, 532 (408 SE2d 829) (1991).

2. Citing *Grady v. Corbin*, 495 U. S. 508 (110 SC 2084, 109 LE2d 548) (1990), defendant also argues that the State, in violation of the federal constitutional prohibition against double jeopardy, will be required to prove conduct for which he has already been prosecuted in order to prove its case on the remaining charges stemming from the Georgia Tech citations. Pretermitting the issue of whether this argument was properly raised by defendant below, we find no merit to this contention. The remaining charges against defendant arose out of conduct which occurred at a separate location and involve separate facts and witnesses. The State would not be *required* to prove any conduct relating to the charge of leaving the scene of the first accident in order to prove the other charges against the defendant. Moreover, to the extent that this argument is premised solely on defendant's speculation about what evidence the State will present at trial, it is premature and need not be addressed by the court. In sum, this enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 4, 1992.

*H. Clay Collins*, for appellant.

*James L. Webb, Solicitor, Helen A. Roan, Denise A. Hinds, R. Lee O'Brien, Assistant Solicitors*, for appellee.